Nov. Term,
1859.

JONES
v.
MILLER.

(1) See *Petro* v. *Cassiday, ante,* 289.

———————

JONES and Another *v.* MILLER and Another.

Where a testator devised his entire estate to his son, and provided that if he should die "without a lawful heir or heirs," the estate should go to the children of his daughter, it was *held,* that the words *lawful heir or heirs* were used in the limited sense of *child* or heir of the body at the time of the son's death.

Upon the death of the son, without issue, the estate of the daughter's children could be sustained as being taken by an executory devise.

A fee may thus be limited after a fee.

A conveyance by the son before his death could not destroy or affect the estate limited to the children.

The estate thus created is not without our statute against perpetuities.

|    |     |
|----|-----|
| 13 | 337 |
| 131 | 127 |
| 131 | 385 |
| 133 | 604 |
| 13 | 337 |
| 139 | 567 |
| 13 | 337 |
| 143 | 272 |
| 13 | 337 |
| 147 | 101 |

APPEAL from the *Randolph* Circuit Court.

PERKINS, J.—Suit by *Alexander* and *Paulina Miller*, against *Julietta* and *James Jones*, to recover real estate. Recovery by the plaintiffs.

*Tuesday, December 6.*

The suit turns upon the construction of the will of *Francis Stephen.*

By the first item of his will he directs the burial of his body.

By the second, he directs the payment of his debts.

By the third, he gives all his real and personal estate, after payment of debts and expenses, "to *Samuel Stephen*, my son, with the following exceptions, viz.: I give to *Paulina Miller* and *Alexander Miller*, the heirs of *Nancy Miller*, my daughter, one dollar each." He then gives a small sum to each of his other five children, and adds, "I further direct that if the aforesaid *Samuel Stephen*, my son, should decease without a lawful heir or heirs, that all that part of my estate, both real and personal, set off for the said *Samuel Stephen*, my son, shall be divided in equal

VOL. XIII.—22

Nov. Term,
1859.

JONES
v.
MILLER.

shares between the aforesaid *Paulina Miller* and *Alexander Miller*, the heirs of *Nancy Miller*, my daughter."

*Samuel Stephen* entered upon the land sued for, under the will, and sold and conveyed it to *Julietta* and *James Jones*, and soon afterwards died, leaving no child or heir of his body.

In his will, the testator used the words "lawful heir or heirs," in the limited sense of child or heir of the body of said *Samuel Stephen* at the time of his death. This is manifest from the fact that the heirs of his sister, to whom the devise over was, were his heirs in the general sense of the word.

Such being the case, the estate in those children could be sustained as being taken by an executory devise. A fee may be thus limited after a fee. See 3 Greenl. Cruise, top p. 441; *Nightingale* v. *Burrell*, 15 Pick. 104; *Anderson* v. *Jackson*, 16 John. 382; 1 Hill. on Real Prop. 635; *Eichelberger* v. *Burnitz*, 9. Watts, 450.

In *Hileman* v. *Bonslough*, 13 Penn. St. R. 344, Chief Justice GIBSON says: "In a will, the legal force of the word heirs may be controlled by the context, evincing such a demonstrative intention to misapply it, as cannot be mistaken; in an executed conveyance, never."

The conveyance made by *Samuel Stephen* cannot, we think, have any influence upon the decision of the cause.

"An executory devise cannot be prevented or destroyed by any alteration whatever in the estate out of which, or after which, it is limited, unless it be an estate tail." Whart. Dic., tit. Executory Devise.—Walker's Am. Law, 3d ed., p. 301.

An estate tail might be cut off, at common law, by a conveyance after issue born, not before. After the statute, *de donis*, it was held, in *Taltarum's Case*, that such an estate might be barred by fine, recovery, and lineal warranty with assets, &c.; but by these methods alone.

It was enacted by statute, in the 3d and 4th Wm. IV., that such an estate might be barred by deed. See 2 Blacks. Comm., ch. 7. In this case there was no issue born.

The proceedings by fine and recovery, and the doctrines

of lineal and collateral warranty, in their original forms, are not known to our law. 2 Bouv. Dic., p. 642.—4 Kent, p. 469, note c.

The statute of Wm. IV., is not in force here.

The estate created by the executory devise, was not, without the statute of this state, against perpetuities. 1 R. S. p. 238.

*Per Curiam.*—The judgment is affirmed with costs.

*O. P. Morton* and *W. A. Peelle*, for the appellants.

*S. Colgrove* and *J. Brown*, for the appellees.