Underwood *et al. v.* Robbins *et al.*

Filed Feb. 13, 1889.

No. 13,549.

UNDERWOOD ET AL. *v.* ROBBINS ET AL.

WILL.—*Term " Legal Heirs."—When Construed to Mean " Child or Children."*—The term " legal heirs " will be construed to mean " child or children " when it clearly appears from the will that the testator used it in that sense.

SAME.—*Will Construed.—Descent.—Kin of the Half-Blood.*—A testator bequeathed to his daughter a sum of money, directing that it be put at interest and the principal paid to her when she became twenty-one years of age, or the day of her marriage; " but if she should die without legal heirs, or before she reaches twenty-one years, her share of my

estate shall be given by my executor to my mother, brothers and sisters, or their representatives, share and share alike."

*Held,* that the term "legal heirs" was used in its limited sense of "child or children," and upon the death of the legatee, an infant and unmarried, after the death of the testator's mother, brothers and sisters, the children of the latter are entitled to the estate to the exclusion of the legatee's brother and sister of the half-blood.

From the Jay Circuit Court.

*J. M. Haynes,* for appellants.

*J. W. Headington, J. J. M. LaFollette* and *J. F. LaFollette,* for appellees.

Coffey, J.—Charles Sumption died testate in the year 1865, leaving a widow, Martha Sumption, and one child, Mary Alfaretta Sumption. By his will he bequeathed all his property to his widow, Martha, except fifteen hundred dollars, which he bequeathed to his said daughter in the following terms:

"I give and bequeath to my daughter, Mary Alfaretta, the sum of fifteen hundred dollars of my personal estate, to be, by my executor hereinafter named, put at interest, the principal of which to be paid to her when she shall arrive at the age of twenty-one years, or the day of her marriage, shall it please Almighty God to spare her to see either; but if she should die without legal heirs, or before she reaches twenty-one years, her share of my estate shall be given by my said executor to my mother, brothers and sisters, or their representatives, share and share alike."

The widow, Martha, subsequently married Isaac Underwood, by whom she had two children, viz., Charles E. Underwood and Josephine Underwood, and then departed this life before the death of the said Mary Alfaretta Sumption.

Mary Alfaretta Sumption departed this life before she arrived at the age of twenty-one years, unmarried and without issue. Isaac Underwood took letters of administration on her estate, and filed his final settlement with the Jay Circuit

Court, reporting for distribution the sum of one thousand and eighty-six dollars and ninety-three cents.

The appellees, who are the nephews and nieces of the said Charles Sumption, deceased, filed a petition in the Jay Circuit Court, praying that said money be distributed among them, to the exclusion of the said Charles E. and Josephine Underwood, as the representatives of the brothers and sisters of the said Charles Sumption, deceased, the mother and the brothers and sisters having departed this life before the death of the said Mary Alfaretta. The court, upon proof of the facts alleged in said petition, granted the prayer of the petitioners, and ordered said fund distributed among them, to the exclusion of Charles E. and Josephine Underwood.

Charles E. Underwood and Josephine Underwood appeal to this court, by their guardian, and urge that the order of the court below in excluding them in the distribution of said money was erroneous.

The question involved in the case depends upon the construction of the will of Charles Sumption. It is contended by the appellants that in the bequest to Mary Alfaretta Sumption, the term "without legal heirs," is used in its ordinary legal acceptation, while it is contended by the appellees that the term was used to signify "child or issue."

The primary object in construing wills is to ascertain the intention of the testator. In doing this the words used in the will are to be given their ordinary legal meaning, unless it is clearly made to appear by the context that they were used in a different sense.

The term "legal heirs" will be construed to mean "child or children," when it clearly appears from the will that the testator used it in that sense. *Jones* v. *Miller,* 13 Ind. 337; *Rusing* v. *Rusing,* 25 Ind. 63; *Rapp* v. *Matthias,* 35 Ind. 332; *Brown* v. *Harmon,* 73 Ind. 412; *Ridgeway* v. *Lanphear,* 99 Ind. 251; *Millett* v. *Ford,* 109 Ind. 159.

In the case of *Jones* v. *Miller, supra,* the bequest was: "To Samuel Stephen, my son, with the following exceptions, viz.:

I give to Paulina Miller and Alexander Miller, the heirs of Nancy Miller, my daughter, one dollar each. * * * I further direct that if the aforesaid Samuel Stephen, my son, should decease without a lawful heir or heirs, that all that part of my estate, both real and personal, set off for the said Samuel Stephen, shall be divided in equal shares between the aforesaid Paulina Miller and Alexander Miller."

It was held that the term *"lawful* heirs" was used in its limited sense of child or heirs of the body of Samuel Stephens.

The language used in the will now under consideration is not essentially different from the language of the will above set out. In construing this will we must not lose sight of the fact that Mary Alfaretta could not die "without lawful heirs" so long as the appellees in this case were living, if we use the term "lawful heirs" in its ordinary legal sense.

To hold that the term "legal heirs" was used by the testator in this will in its ordinary legal sense, would be to hold that Charles Sumption was directing a division of his estate among parties who had departed this life before the death of his daughter, Alfaretta, for there could be no failure of legal heirs in that sense as long as the nephews and nieces lived.

We think that the term "legal heirs" in the will of Charles Sumption was used in its limited sense of "child or children."

Having reached that conclusion, we do not think the circuit court erred in distributing the money in the hands of the administrator among the appellees to the exclusion of the appellants.

Judgment affirmed.

Filed Feb. 13, 1889.