BAXTER *v.* WINN.

The cardinal rule in the construction of wills is to ascertain the intention of the testator. The court below rightly held that the word "heirs," as used in the will construed in this case, meant "children."

May 8, 1891.

Wills.   Estates.   Words.   Before Judge HUTCHINS. Gwinnett superior court.   September term, 1890.

Wiley H. Baxter, as the husband and heir-at-law of Moriah Morrow (who died intestate in March, 1890, leaving no children), petitioned to recover her share in the property bequeathed by the will set out in the decision. On demurrer his petition was dismissed, and he excepted.

JUHAN & McDONALD, for plaintiff.

T. M. PEEPLES and S. J. WINN, for defendant.

LUMPKIN, Justice.

The will of John Morrow was, substantially, as follows: It gave to D. W. Spence, in trust for Moriah Morrow and Warren Henry Morrow, a lot of land in Gwinnett county, together with the household and kitchen furniture, farming implements and all testator's stock. It further directed that Moriah and Warren Henry should live in the house then occupied by testator as a dwelling, and that they should not in any event bring any one else to live in the house with them; that they should not have any right to trade or sell the place, but through their trustee should enjoy the proceeds, profits, rents and increase of the property, share and share alike; that the executor should sell testator's farm in Mississippi and purchase with the money arising therefrom Georgia Railroad stock, which he should hold as trustee for Moriah and Warren Henry Morrow, allowing them to receive the interest or dividends arising from it; that after the executor should pay his just debts and burial expenses, whatever money came into his hands belonging to testator's estate, from collections of debts, rents or sales of property, he should invest in Georgia Railroad stock as directed above; that if Wiley H. Baxter remained on the place, he was to have no control of any part of the property, and his property was to be kept separate from Moriah's and Warren Henry's; *that in the event Moriah or Warren Henry should either die, leaving no heirs, the survivor*

*should have the whole interest arising under the will, and on the death of the survivor, testator directed that he or she might will it to whom he or she pleased, but that during the lives of Moriah and Warren Henry, they were never to have or dispose of any part of the land, stock or railroad stock, outside of the rents and interest.*

We think it obvious, without discussion, that the court below rightly construed this will as stated in the head-note.                         *Judgment affirmed.*