FRANK H. TODD v. LENA E. TODD, EXRX.

HOW THE WORD "HEIR" SHOULD BE CONSTRUED.

The word "heir," in Lan. R. L. 9637 (R. S. 6098), may be construed to mean devisees and legatees, and as such have the right to file in the probate court a written requisition on the executor to disallow and reject any claim presented for allowance; and such devisees and legatees are proper parties in any action brought upon a claim rejected under such requisition, and have the right to defend against such claim.

ERROR to Lake common pleas court.

**Osborne & Osborne,** for plaintiff in error.

**Shepherd & Shepherd,** for Elsie A. Davis.

## COOK, J.

Plaintiff, Frank H. Todd, is the husband of the defendant, Lena E. Todd, the executrix of the last will and testament of William A. Davis, deceased, who also is the daughter of the deceased. Elsie A. Davis, the other defendant, is the widow of the deceased. Frank H. Todd, who is a physician, presented a claim for medical services rendered decedent, to the executrix, his wife, for allowance, and she allowed the same as a just and valid claim against the estate of the decedent. Afterwards the widow, Elsie A. Davis, filed a written requisition in the probate court requiring the executrix to disallow the claim, and entered into the necessary undertaking with sufficient surety which was approved by the court; and thereupon the executrix withdrew her allowance of the claim and disallowed the same as she was required to do.

Frank H. Todd then brought suit upon the claim against Lena E. Todd, the executrix, and Elsie A. Davis, the widow. The executrix made no defense in the action, but the widow, Elsie A. Davis, filed an answer contesting the validity of the claim upon several grounds: principally that the plaintiff never intended to charge for the services,

Todd v. Todd.

if any, he rendered, and if he did the claim was settled by an agreement between the plaintiff, the executrix, and herself, by which agreement, she was to take the provision made for her in the will, and the executrix, the daughter Lena E. Todd, was to take the provision made for her under the will, and the claim, if any, he Frank H. Todd had, was to be cancelled; and thereupon the widow, Elsie A. Davis, after the making of the claimed agreement elected to take under the will. There was no personal property for distribution. The testator only owned two parcels of real estate, one of which he devised to his said daughter, and the other parcel to his wife, to be in lieu of her dower and all her rights, statutory or otherwise, in his estate. The case was, tried to the court, a jury being waived, and the court rendered judgment against the plaintiff, and error is now prosecuted in this court.

The court is united upon the question that under the evidence, the court decided the case properly, but we are not united as to whether or not the defendant, Elsie A. Davis, was a proper party to the action with power to make such defense.

This question was not made below, neither was it made in argument before us, but under the pleadings it no doubt arises and must be determined.

It is claimed that Elsie A. Davis was not an heir and therefore could not file a requisition upon the executrix to disallow the claim. It is conceded that the property, that she elected to take under the will, would have been imperiled by the judgment, if one had been obtained, but it is said although that may be so, yet she must wait until her property is attempted to be subjected to the payment of the judgment, and then restrain the attempted wrong or file exceptions to the account, of the executrix to the allowance of the husband's claim.

Is such the law? The majority of the court think not.

Laning R. L. 9637 (R. S. 6098) provides as follows:

"If any heir or creditor of a deceased person, or any person who has purchased, or claims to hold, by purchase or otherwise, from such heir, any lands or other property inherited by such heir from such decedent, shall file in the probate court of the county in which administration is taken out on any estate, a written requisition on the administrator or executor, to disallow and reject any claim presented for allowance, and whether said claim has been allowed or not, but which has not been paid in full, and shall enter into an undertaking, with sufficient surety to be approved by the probate judge, conditioned to pay all costs and expenses of contesting such claim, in case it shall be finally allowed,

such claim shall, in such case be disallowed and rejected by such administrator or executor, and the holder of such claim shall be required, within six months after such rejection of such claim, to bring his action against such administrator or executor, to enforce such claim, and if he recover, the judgment shall be against the said administrator or executor; and in such action, such heir, creditor, or other person claiming to hold such property, shall be made a party defendant with such administrator or executor, and shall have the right to plead and make any defense to such action which such administrator or executor could make; whenever such written requisition and undertaking shall be so filed in the probate court, the probate judge shall at once notify such administrator or executor thereof; and such administrator or executor shall thereupon at once notify the holder of such claim that such claim is rejected and disallowed.''

What was the intent of the legislature in the use of the word ''heir?'' The word ''heir,'' as it is generally understood, has a very broad signification and as the provision of Lan. R. L. 9637 (R. S. 6098) is remedial in its nature, the word should not be considered a technical one or restricted in its meaning, without there is some controlling reason for doing so.

But in its legal or technical signification, under our statute it includes widow, as a widow may inherit property. Laning R. L. 6855, 6856 (R. S. 4158, 5159). Bouvier in his law dictionary says, the word heir, ''In its strict and technical import applies to the person or persons appointed by law to succeed to the estate in case of intestacy. 2 Bla. Com. 201; *Rawson* v. *Rawson,* 52 Ill. 62; *Kellet* v. *Shepard,* 139 Ill. 433 [28 N. E. Rep. 751; 34 N. E. Rep. 254]; *Dukes* v. *Faulk,* 37 S. C. 255 [16 S. E. Rep. 122; 34 Am. St. Rep. 745]. * * * In wills, in order to effectuate the intention of the testator, the word 'heir' is sometimes construed to mean the next of kin, *Horseman* v. *Abbey,* 1 Jac. & W. 381; *Reen* v. *Wagner,* 51 N. J. Eq. 1 [26 Atl. Rep. 467]; and statutory next of kin, 41 L. T. Rep. (N. S.) 209; the word 'heir' can be construed as 'distributees' or 'representatives,' *King's Appeal,* 84 Pa. St. 345; and children, Ambl. 273; *Lott* v. *Thompson,* 36 S. C. 38 [15 S. E. Rep. 278]; *Baxter* v. *Winn,* 87 Ga. 239 [13 S. E. Rep. 634]; *Franklin* v. *Franklin,* 91 Tenn. 119 [18 S. W. Rep. 61]; *Barton* v. *Tuttle,* 62 N. H. 558; *Underwood* v. *Robbins,* 117 Ind. 308 [20 N. E. Rep. 230]. * * * Under the term 'heirs at law,' a widow has been allowed to share. *Lawrence* v. *Crane,* 158 Mass. 392 [33 N. E. Rep. 605]; *Unfried* v. *Heberer,* 63 Ind. 67, 72. * * *

''In a bequest of personalty the word 'heirs' is used to mean

Todd v. Todd.

those entitled under the statute of distribution in case of intestacy. *Comly, Estate of*, 136 Pa. St. 153 [20 Atl. Rep. 397]. The word may be used in a contract to designate the representatives of a living person. *Lockwood* v. *Jesup*, 9 Conn. 272.

"The words 'heir' and 'heirs' are interchangeable and embrace all legally entitled to partake of the inheritance. *Stokes* v. *Van Wyck*, 83 Va. 724 [3 S. E. Rep. 387]."

But it is said that the parties under the statute entitled to file the requisition with the probate court must be an heir that has inherited property that came to him or her by descent, in each particular case, and does not apply to devisees and legatees under a will, although they may also be heirs. We do not think this is correct. Who can tell whether the will of the decedent will be effective or not? Possibly the will may be set aside, prove wholly ineffective and, if so, the right of the heirs may be jeopardized or wholly lost.

We think it is intended, just as the statute reads, that any "heir" may object to the allowance of a claim, and file a written requisition with the probate court, although such heir may also be interested as devisee or legatee. We go further and hold that the words "any heir or creditor," in the statute includes devisees and legatees or any person whomsoever whose property is or may be affected by the recovery of a judgment. We have seen that the word "heir" in a will may be construed to mean widow, next of kin, children—in a contract, personal representatives; and the same rule no doubt would apply in a deed where it was manifestly the intention of the parties. Why not the word "heir" then in this statute have as liberal interpretation and include devisees and legatees?

The object of a statute, and the mischief against which it was designed to guard will be looked to; such is the general holding in this state; indeed it is one of the fundamental canons in the construction of statutes. As was said by Brinkerhoff, judge, in *Terrill* v. *Auchauer*, 14 Ohio St. 80, 87:

"In the construction of statutes we may look to the mischiefs, if any, which the statute was designed to remedy, and also to the consequences which would flow from any particular construction; and if the statute be fairly susceptible of two different constructions, we are at liberty to choose that one which, while it remedies the mischief aimed at, avoids the absurd or unjust consequences which would flow from the other."

Lake County.

How applicable this opinion of the learned judge to the statute under consideration! The mischief aimed at is to prevent the allowance and payment of unjust claims against the estate of deceased persons, through the fraud or perverseness of an unscrupulous or incompetent administrator or executor; and what unjust and absurd consequences would arise from so construing the statute that the ward "heir" does not include a devisee or legatee!

The word "heir," if interpreted in its narrow and strict sense, would furnish ample opportunity to defeat an unjust claim, although the party's interest be ever so small, while a legatee or devisee whose interest might be great would be required to stand by and see an unjust claim pressed to judgment without any opportunity whatever to object. We do not think such was the intent of the legislature.

The judgment of the court of common pleas will be affirmed.

**Burrows, J.,** concurs.

**Laubie, J.,** dissents.