(Decided October 7th 1864 )

JOHN L. BUDD ET AL. *vs.* STATE, USE OF JOHN V. POSEY ET AL., ADM'RS OF JOS. A. POSEY.

WILLS, CONSTRUCTION OF: EXECUTORY DEVISE.—A clause in the will of A. R. S. was in the following words: "I will and devise unto J. A. P., my son, my plantation whereon I now dwell, and all my personal estate as it now stands on said plantation, to him the said J. A. P. and the heirs of his body lawfully begotten; should J. A. P. die without heirs or an heir of his body lawfully begotten, I will and bequeath all my estate, both real and personal to the children of J. L. B. in equal proportions, share and share alike; should J L. B. have no children, from and after his death I will and bequeath all my estate both real and personal, in trust to B. J. L. for the support of the Newport Catholic Church." HELD:

That upon a proper construction of said clause, as to the personal estate, the words—"Should J. A. P. die without heirs, or an heir of his body lawfully begotten"—shall be taken to mean,—Should the said J. A. P. die without issue living at the death of the first taker.

Although the words of this clause were heretofore construed, as regards the real estate, to be a devise contingent on an indefinite failure of issue, and therefore inoperative and void, the rule there observed does not necessarily govern the construction of the same or like words in bequests of personal estate, but yields to the real purpose of the testator to be gathered from the will.

Where, however, an executory bequest is limited to take effect on a dying "without issue," or "without heirs," with nothing further to explain or restrict the legal import of these terms, the limitation is bad; and in no case would it be good unless made to depend on a contingency that must happen within a life or lives in being, and twenty-one years and a few months thereafter.

APPEAL from the Circuit Court for Charles County.

This was an action brought by the appellees, as the administrators of Joseph A. Posey, upon the bond of the appellant, John L. Budd, as the executor of Ann R. Saxton, to recover the value of the personal property bequeathed by the appellant's testatrix to the intestate of the appellees. At the trial of the cause the following agreement of the parties was filed: "It is agreed that all errors in pleading in this case may be released, the object being to get a true construction of the will of Ann R. Saxton."

The clause of the will submitted for the construction of the Court was in these words:

"I will and devise unto Joseph A. Posey, my son, my plantation whereon I now dwell; and all my personal estate as it now stands on said plantation; to him, the said Joseph A. Posey, and the heirs of his body lawfully begotten; should Joseph A. Posey die without heirs, or an heir of his body, lawfully begotten, I will and bequeath all of my estate, both real and personal, to the children of John L. Budd, in equal proportions, share and share alike; should John L. Budd have no children, from and after his death, I will and bequeath all of my estate, real and personal, in trust to B. J. Lancaster, for the support of the Newport Catholic Church."

*Exception.* At the trial of the cause the plaintiffs, to support on their part the issue joined, offered in evidence the will of Ann R. Saxton, from which the clause above quoted is an extract, and proved that letters testamentary had been duly granted to John L. Budd, and that he as

7     v. 22.

executor of Ann R. Saxton had returned an inventory of her personal property, and that said personal property was the property in the dwelling place of said Ann R. Saxton at the time of the execution of said will; and that said letters testamentary were granted to the said John L. Budd in 1849, and that he still (May 8th 1862) holds said property in his hands as executor aforesaid.

The defendant then proved that Joseph A. Posey died in the year 1860, without ever having had any child or descendant; that John L. Budd, who was a brother of Ann R. Saxton, had children living at the time of the execution of the said will, as well as at the time of the death of Joseph A. Posey; and further proved that John V. Posey is the sole distributee of Joseph A. Posey, being the half brother on the part of the father—the said John V. Posey being consequently no blood relation of said Ann R. Saxton.

Upon the foregoing evidence the plaintiffs by their counsel prayed the Court to instruct the jury: "That by the true construction of the will of Ann R. Saxton, Joseph A. Posey took an absolute estate in the personal property bequeathed to him by said will, and the plaintiffs are entitled to recover from the defendants the value of the personal property, which may remain after the payment of the debts and expenses of administration," &c

This instruction the Court (CRAIN, Special Judge,) having granted, the defendant excepted, and the verdict and judgment being in favor of the plaintiff, appealed.

The cause was argued before BOWIE, C. J., and GOLDS-BOROUGH and COCHRAN, J.

*Robert J. Brent and C. Vivian Brent*, for the appellant.

No one could doubt the effect of a limitation over, dependent on an indefinite failure of issue of the devisee, which issue might not fail for one thousand years. To avoid

the consequences of so remote an event, the law which abhors perpetuities, has wisely condemned as utterly void, the limitation over. But we confidently maintain that this case does not fall within the rule of the law, and that the executory devise over, at least so far as the personalty is involved, is valid, because it must take effect in a life or lives in being, and twenty-one years afterwards. See the rule stated in *Newton vs. Griffith*, 1 *H. & G.*, 125, 126. *Fearne on Cont. Rem.*, 385, 386, note B. Courts strain the construction so as to prevent a limitation over of personalty from being void, as too remote. *Raborg vs. Hammond*, 2 *H. & G.*, 42. *Newton vs. Griffith*, 1 *H. & G.*, 117. *Dashiell vs. Dashiell*, 2 *H. & G.*, 127. And to accomplish this result they will construe the same words in the same will as a valid limitation over of personal property, while they are void as a limitation over of real estate. *Forth vs. Chapman*, 1 *P. W.*, 663. *Target vs. Gaunt*, 1 *P. W.*, 432. Both of these cases are cited and justified in *Newton vs. Griffith*, 1 *H. & G.*, 118.

These authorities show that the reason of this distinction is that in real estates the issue may get the property, while in personalty "the issue cannot by any construction have it." 1 *H. & G.*, 118. See to same effect *Daintry vs. Daintry*, 6 *T. R.*, 307. 1 *H. & G.*, 121. *Roe vs. Jeffry*, 7 *T. R.*, 589. And especially see *Biscoe vs. Biscoe*, 6 *G. & J.*, 232. *Middleton vs. Edelin*, 9 *Gill*, 161. 2 *Williams' Executors*, 928, 931. *Marlboro vs. Godolphen*, 2 *Ves. Sen.*, 74. *Hudson vs. Bryant*, 1 *Collyer*, 681. (28 *Eng. Ch. Rep.*, 681.) In *Hatton vs. Weems*, 12 *G & J.*, 84, the Court recognizing the rule that they will seize on the slightest circumstance to support the limitation over, in cases of personal estate, held, that where the circumstances relied on was because of the sex of a male negro embraced in the legacy, it was neutralized by the fact that female negroes were included in the same clause; but that case does not shake the well settled rule, that the same

words in the same clause may be differently construed as they affect limitations over of personal or real estate.

By this will, Joseph A. Posey took a fee-tail in the real estate at common law, and an absolute title in the personal, but the limitation over would take effect as an executory devise, if not void, or too remote. The executory devise is made to depend on the event of "Joseph's dying without heirs or an heir of his body lawfully begotten." It is said in *Biscoe vs. Biscoe*, 6 *G. & J.*, 232, that "executory bequests of personal property dependent upon a dying" without lawful issue, or leaving issue, "will be restricted to mean a definite failure of issue." If this be so, there is an end of this question—so far as the personalty is involved and we need go no further, as it decides this very case. In 6 *Md.*, 164, the executory bequest of freedom to slaves, was held to be valid, as it must occur during their lives, though limited on an indefinite failure of heirs of the first taker. In 9 *Gill*, 161, the indefinite failure of heirs was restricted to a definite failure, because connected with the words "before he possesses," that is, "if he shall die without lawful issue and before he possesses," were held to mean a definite failure of heirs. *Watkins vs. Sears*, 3 *Gill*, 492. *Bedford's Appeal*, 4 *Wright's Pa. Rep.*, 18. This is an executory devise because in defeasance of a preceding estate in tail, now converted into a fee-simple by the act of descents. 1 *Jarman on Wills*, 736.

The intention here is, clearly, to decide the ultimate limitation over, by an event which must occur within a definite period, viz: the death of John L. Budd leaving no children, and the death of Joseph Posey without issue; so that the death of John L. Budd with or without children, coupled with the death of Joseph A. Posey at or before that event without issue, is to decide whether the whole property goes in trust for the church or to the children of John L. Budd. 2 *Jarman on Wills*, 433. *Woodland & Wife vs. Wallis, Exec'r of Mason*, 6 *Md. Rep.*,

164. This limitation being to a class of persons, viz: the children of John L. Budd, presupposes that Joseph should die without issue in the lifetime of John L. Budd, or nine months afterwards, as he could have no children after that date. 2 *Jarman on Wills*, 246–7. *Lockerman et al. vs. McBlair et al.*, 6 *Gill*, 177. 16 *How.*, 421. It is therefore contended that the limitation over is good both as to real and personal estate, upon the evident intention of the testatrix, that the ultimate devise over should vest in the children (not issue generally) of John L. Budd, if he left any, or in Mr. Lancaster as the trustee of the Church. Such an event determining who was to take under the executory devise, must be ascertained not only on the failure of the issue of Joseph, but in the life of John L. Budd or nine months after his death. But if not sufficient to carry the real estate, it is enough for the personalty. 2 *Jarman on Wills*, 444.

As the ultimate devise over was to take effect, if at all, on the death of John L. Budd without children, and children do not mean descendants, but only such children as were living at death of testatrix, (6 *Gill*, 177, and 1 *Jarman on Wills*, 51;—see also *Adams vs. Law,* in 16 *Howard's Rep.*, 421,) it follows that the executory devise must take effect finally at death of John L. Budd, and therefore the other event, viz: the dying of Joseph A. Posey, without heirs of his body, must precede the death of John L. Budd: that is, the two events must occur to determine where the property goes ultimately, and this must be at the death of John L. Budd, and therefore there is sufficient evidence of the intention of the testator to make the limitation over definite and valid so far as relates to the personal property. *Woodland & Wife vs. Wallis, Exec'r of Mason,* 6 *Md. Rep.*, 164. If this be so the *cestui que use* had no title to sue on this bond, and the case must be dismissed, and *procedendo* refused. But if wrong in these views, we still insist that the case must be

reversed, because the suit is brought for a distributive share, &c., before any settlement of the executor's account, so as to furnish authentic evidence of the surplus in his hands applicable to the legacies. This is necessary by law. *State vs. Gaither,* 11 *G. & J.,* 171. *Lowe vs. Lowe,* 6 *Md. Rep.,* 354. *Dorsey's Test'y Law,* 109, *sec.* 16. The release of errors in pleading does not affect this objection, which goes to the title of the plaintiff to sue on the evidence.

*Wm. H. Tuck* and *Thos. G. Pratt,* for the appellees.

1st. Assuming that Joseph A. Posey had an absolute estate in the personal property, John V. Posey, his half-brother, will be entitled to the same as distributee. Act of 1798, ch. 101, sub-ch. 11, secs. 8 and 11. 1 *Dorsey's Laws,* 402. *Seekamp vs. Hammer,* 2 *H. & G.,* 9.

2nd. That there can be no limitation over of personal property where the absolute interest is given to the legatee;—that if the absolute right of property is given to the first taker, the limitation over is void. *Moody vs. Walker,* 3 *Arkansas Rep.,* 187, 188. *Patterson vs. Ellis,* 11 *Wend.,* 299. *Edelen vs. Middleton,* 9 *Gill,* 164.

3rd. That the same words which would create an estate-tail as to free-holds, gave an absolute interest as to personal property, and that by the clause of this will Joseph A. Posey took an estate-tail in the land, and an absolute estate in the personalty. *Rawlins vs. Goldfrap,* 5 *Ves.,* 440, *note a.* 2 *Kent's Com.,* (5th Edition,) 352–3–4. *Barlow vs. Salter,* 17 *Ves.,* 479. *Moody vs. Walker,* 3 *Arkansas,* 147, 195. *Hatton vs. Weems,* 12 *G. & J.,* 84, 107. *Patterson vs. Ellis,* 11 *Wend.,* 259.

4th. That the limitation over in this case is, at any rate too remote. *Hatton vs. Weems,* 12 *G. & J.,* 80, 107. *Moody vs. Walker,* 3 *Arkansas,* 198. *Patterson vs. Ellis,* 11 *Wendell,* 260. *Jones vs. Sotheron,* 10 *G. & J.,* 187. *Usilton vs. Usilton,* 3 *Md. Ch. Dec.,* 36.

5th. The appellant's last point was not made below.

Cochran, J., delivered the opinion of this Court.

The appellees brought this suit, as administrators of Joseph A. Posey, on the bond of John L. Budd, as executor of Ann R. Saxton, for the purpose of recovering the value of certain personal property bequeathed by her to their intestate.

The record shows that Joseph A. Posey was a half-brother of the appellee, John V. Posey, on the paternal side, and that the appellant, John L. Budd, had children living when Mrs. Saxton executed her will, and also at the time of Joseph A. Posey's decease. By an agreement of the parties, all errors in pleading were waived, and the suit prosecuted for the declared purpose of obtaining a true construction of the following clause of the will on which the appellee's right to recover depends: "I will and devise to Joseph A. Posey, my son, my plantation whereon I now dwell, and all my personal estate as it now stands on said plantation," * * * * "to him the said Joseph A. Posey and the heirs of his body lawfully begotten; should Joseph A. Posey die without heirs, or an heir of his body lawfully begotten, I will and bequeath all my estate, both real and personal, to the children of John L. Budd, in equal proportions, share and share alike; should John L. Budd have no children, from and after his death, I will and bequeath all my estate, both real and personal, in trust to Benedict Joseph Lancaster, for the support of the Newport Catholic Church."

The judgment below was entered on a verdict found for the appellees, in conformity with an instruction of the Court, that by the true construction of the will, Joseph A. Posey took an absolute estate in the personal property bequeathed to him, and in disposing of the question presented by this appeal, we are first to ascertain the proper rule for construing the language of this bequest. In the case of *Posey's Lessee vs. Budd*, 21 *Md. Rep.*, the words of this clause, so far as they were used to dispose of the real

estate, were considered, and the devise over was held to be contingent on an indefinite failure of issue, and therefore inoperative and void. The rule there observed, does not, however, necessarily govern the construction of the same or like words in bequests of personal estate. In the latter class of cases, the interest of the heir which the law so strongly favors in construing devises of real estate, yields to the real purpose of the testator, when any circumstance or expression in the will affords the slightest ground for supposing that a limitation after a dying without issue, was intended to mean a dying without issue then living. And, indeed, the inclination to support limitations over of personalty as not too remote, is so strong that they will be held valid when declared in words which would import an indefinite failure of issue in a devise of real estate. *Dallam vs. Dallam,* 7 *H. & J.,* 220. *Newton vs. Griffith,* 1 *H. & G.,* 117. *Biscoe vs. Biscoe,* 6 *G. & J.,* 232. *Forth vs. Chapman,* 1 *P. Wms.* 663. But it is nevertheless well settled, that when an executory bequest is limited to take effect on a dying "without issue," or "without heirs," with nothing further to explain or restrict the legal import of these terms, the limitation is bad; and in no case would it be good unless made to depend on a contingency that must happen within a life or lives in being, and twenty-one years and a few months thereafter. If, therefore, the limitation is made to depend alone on the words "dying without issue," or "without heirs or an heir lawfully begotten," the first legatee will take an absolute estate; but if the will discloses any circumstance, or condition of the bequest, which goes to show or indicate that the testator intended the limitation to take effect upon a contingency that must happen, if at all, within a life or lives in being and twenty-one years and a few days thereafter, then these words may be construed to mean a definite failure of issue, and the limitation over allowed to take effect on the hap-

pening of the contingent event. And this rule seems to obtain in cases where in regard to lands, the language used would be sufficient to create an estate-tail, and under our statutes vest the first taker with an absolute estate in fee. *Biscoe vs. Biscoe,* 6 *G. & J.,* 232. *Edelin vs. Middleton,* 9 *Gill,* 161. *Hatton vs. Weems,* 12 *G. & J.,* 83. In this case, the limitation depends on the construction of the words: "*should Joseph A. Posey die without heirs or an heir of his body lawfully begotten;*" and the question is, whether under all the circumstances of the bequest shown by the will, they import a definite or an indefinite failure of issue. These words, as we have seen, may be restricted to mean dying without issue living at the death of the first taker, and that we think was the sense in which the testatrix used them. It was her purpose, beyond all doubt, to fix the limitations on contingencies that would necessarily occur, if at all, within definite periods, not repugnant to the general policy of the law. The death of John L. Budd without children, and of Joseph A. Posey without heirs or an heir then living, was the event contemplated by the testatrix, on which the ultimate limitation to Lancaster was to take effect, while that to the children of Budd was made to depend on the death of the first taker, without issue then living, in the lifetime of Budd. We think the conclusion stated in the appellant's brief is the correct one; that as the ultimate bequest over was to take effect, if at all, on the death of John L. Budd without children, the testatrix must have contemplated the dying of Joseph A. Posey without heirs of his body, as an event to occur in Budd's lifetime. If that be so, there can be no question as to the sufficiency of the evidence of her intention to make the limitations over depend on a definite failure of issue of the first legatee. We think the limitations in regard to the personal estate

8    v. 22.

were good, and that the Court below erred in its instruction to the jury, that John A. Posey took an absolute ·estate under the will.

*Judgment reversed.*

(Decided October 7th 1864.)

