(Decided 5th March, 1870.)

Doe on the demise of WALTER T. ALLENDER, Administrator *d. b. n.* of WALTER PRICE *vs.* PETER SUSSAN.

*Appeal — Executory devise — Limitation of estates.*

A judgment was rendered and the exception signed on the 5th of June, 1866 ; on the 21st of the same month an appeal was taken, but the record was not transmitted to the Court of Appeals until October, 1869. HELD :

On motion to dismiss, that the appeal was taken in due time.

A limitation over of leasehold property after the death of the first taker " without leaving lawful issue or descendants." is not void for remoteness.    The words " without leaving lawful issue or descendants " applied to a devise of leasehold property, mean a dying without issue living at the death of the first taker.

APPEAL from the Superior Court of Baltimore City.

This was an action of *ejectment* brought by the appellant to recover possession of certain property, alleged to be leasehold, in the city of Baltimore.    Both parties claimed under the will of one William Price, which was admitted to probate in October, 1831, and their respective titles depended on the construction of a clause in the will, which is set out fully in

the opinion of this Court. The appellant was the administrator *d. b. n.* of Walter Price, a son and devisee of the testator, and the appellee was the tenant of one Amalia Kuhn, who had acquired the title of Sarah John Price.

Sarah assigned the property in question to one William Price who assigned it to Amalia Kuhn. Sarah died without issue. The plaintiff offered in evidence the original lease of the property, and proved that the property in question was embraced in that lease. He also proved that the defendant was in possession as tenant of Amalia Kuhn, and that she claimed title by virtue of the deed to her from William Price, assignee of Sarah John Price.

The plaintiff offered the following prayer:

If the jury shall find from the evidence the will of William Price, offered in evidence, and that the property therein devised to Sarah John Price, is the same as that demanded in this suit, &c., and is a portion of the leasehold property originally leased to John Deaver by James and Ann Giles, and that said last mentioned lease is still existing and unexpired, and that Sarah John Price entered under the will of William Price, and took possession of the said property as leasehold, and conveyed the same to William Price, who conveyed the same to Amalia Kuhn, and that the tenant in possession claims title under the said Amalia Kuhn, and she claims title under the deed from William Price to her, and that the said William Price, the testator, died prior to October 15th, 1831, and the property has been ever since held and claimed under the title devised by said will, and that Sarah John Price died in 1861, or thereabouts, unmarried, and without ever having had issue, and that Walter Price, the party named as executory devisee in the will of William Price is dead, and the plaintiff's lessor is his administrator, upon the finding of all these facts, the plaintiff is entitled to recover.

The defendant asked the following instruction:

That upon the evidence of the title submitted by the plaintiff, he is not entitled to recover in the present action of *eject-*

*ment,* by reason of the devise over to Walter Price, under the will of William Price, being too remote.

The Court refused to grant the prayer of the plaintiff and gave the instruction asked for by the defendant. The verdict and judgment being for the defendant, the plaintiff appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON and MILLER, J.

*Arthur W. Machen,* for the appellant.

In bequests of personal property, the words "dying without *leaving* issue" restrain the failure of issue to the time of the death of the first taker, and the bequest over is valid. *Biscoe vs. Biscoe,* 6, *G. & J.,* 236 ; *Usilton vs. Usilton,* 3 *Md. Ch. Dec.,* 36. The same construction, of course, obtains in cases of chattels real. 2 *Jarman on Wills,* (3d ed.,) 473. The rule is different in cases of real estate.

In this will the words are "issue or descendants of the same." Issue is *nomen generalissimum.* In 2 *Jarman on Wills,* 89, it is said : "The word issue, when not restrained by the context, is coëxtensive and synonymous with descendants, comprehending objects of every degree." The words "issue or descendants of the same," cannot, therefore, mean more than the word "issue" when standing alone. Moreover, the rule of construction depends on the force of the word "*leaving,*" which in cases of personal property, confine the limitation to the point of time when the death takes place. And as the validity of the limitation depends exclusively on the point of time when it is to vest, the use of this word settles the question.

*John H. Ing,* for the appellee.

The judgment in the Superior Court was entered on the 5th June, 1866. To make up the record the appellant produced the certificate of administration on Walter Price's estate, bearing date 17th August, 1869; and the appellant

filed the official copy of William Price's will, which is certified of the date of the 18th August, 1869. The appeal in this case is therefore too late and should be dismissed. *Article 5, sec. 7, of the Code of General Laws.*

Should the Court however entertain the appeal, it is submitted that the limitation over to Walter Price, in the will of William Price was too remote. *Biscoe vs. Biscoe, 6 G. & J.,* 236.

MILLER, J., delivered the opinion of the Court.

The record shows that judgment was rendered and the exception signed in this case on the 5th of June, 1866. The appeal was taken on the 21st of the same month, and, being thus in time, the delay in the transmission of the record is presumptively the fault of the clerk and not of the appellant. The case does not come within the operation of the new rule on that subject, recently adopted by this Court, which took effect on the 1st of January, 1870, after the present record had been brought up. The fact that official copies of two documents, used in evidence and contained in the exception, appear to have been made as late as August, 1869, cannot affect the appeal which the record shows was taken in due time. The motion to dismiss is, therefore, overruled.

The property in dispute appears to be leasehold, and the prayers on either side raise the question of the construction of a clause in the will of William Price, executed in 1828, and admitted to probate the 15th of October, 1831, under which it is assumed the title is derived. By this will the testator devised to several of his grand-children certain houses and lots in the city of Baltimore, among which, that in dispute is alleged to be embraced in the following clause: "And to my grand-daughter, Sarah John Price, her heirs, executors, administrators and assigns, my lot of ground on Alice Anne street, with the three story brick house thereon, (including basement,) adjoining that on the same street above devised to my grandson, William Price. But in case of the decease of

all or either of my grand-children above named without *leaving* lawful issue or descendants of the same, then I give and devise the property so bequeathed to him, her or them so dying, unto my said son, Walter Price, his heirs, executors, administrators and assigns forever." Sarah John Price died several years since, without ever having had children, and never having been married. The plaintiff is the administrator of Walter Price, and his prayer places his right to recover upon the ground that the devise over to his intestate is good, leaving it to the jury to find that the defendant derives his title from and claims under Sarah John Price, and that the latter derived her title from the will of her grandfather as above stated. The defendant's prayer which was granted, denies the plaintiff's right to recover upon the evidence of title he had submitted, because the devise over to Walter Price is too remote.

No doubt could exist of the correctness of the construction placed upon this will by the Court below if the subject of the devise were a freehold estate. The authorities on this point are too numerous and clear to leave room even for argument. There is, however, a distinction, subtle it may be, but too well settled now to be overturned, between an executory limitation of personal property upon a dying "without *leaving* issue," (the words of the present will,) and the same limitation of real estate. This distinction, the leading authority for which is *Forth vs. Chapman*, 1 *Peere Wms.*, 663, runs through all the decisions, and applies even where real and personal estates are comprised in the same gift. *Biscoe vs. Biscoe*, 6 *G. & J.*, 236; *Usilton vs. Usilton*, 3 *Md. Ch. Dec.*, 36; *Budd vs. Posey*, 22 *Md.*, 48; *Woodland and Wife vs. Wallis*, 6 *Md.*, 151; and *Wallis vs. Woodland and Wife, et al.*, 32 *Md.*, 101. In most, if not all the Maryland cases in which this distinction has been taken and followed, the subject of the limitation has been money or personal chattels. But, in *Forth vs. Chapman*, there was a devise of both freehold and leasehold estates to two nephews, and if either

" should depart this life and *leave* no issue of their respective bodies," then over, and the question arose whether the limitation over of the leasehold premises was void as too remote. The Court was of opinion and decreed that the devise over was void, among other reasons, because of a distinction between things merely personal and chattels real. But afterwards, when the case came before Lord PARKER upon appeal, his Lordship reversed the decree and said, " if I devise *a term* to A, and if A die without *leaving* issue remainder over, in the vulgar and common sense, this must be intended if A die without leaving issue at his death, and then the devise over is good." And the Lord CHANCELLOR, in reference to the objection that, as the will in the same clause and the same words, carried both freehold and leasehold estates, the same words could not be taken in two different senses, said : " It might be reasonable enough to take the same words as to the different estates in different senses, and as if repeated in two several clauses, viz : I devise to A my freehold land, and if A die without leaving issue, then to B ; and I devise my leasehold to A, and if A die without leaving issue, then to B, in which case the different clauses would (as he conceived) have the different constructions above mentioned to make both the devises good, and it was reasonable it should be so *ut res magis valeat quam pereat.*" No case has been more thoroughly adopted by the Maryland decisions than this, and it presents the very case of a limitation of a leasehold estate.

In *Beauclerk vs. Dormer,* 2 *Atk.,* 314, also a leading case upon this law of executory devises and contingent limitations Lord HARDWICKE said : " It would be of very mischievous consequence and introduce great confusion if the Court should admit of a distinction between chattels personal and chattels real" in this respect. In *Peake vs. Pegden,* 2 *Term Rep.* 720, there was a devise of leasehold premises to a grandson and the heirs lawful of him forever, " but in case he should happen to die and *leave* no lawful heir" then over, and Lord

KENYON held the limitation over good on the authority of *Forth vs. Chapman,* which he said had been uniformly followed by a series of decisions down to that time. The case before him he also said was that of a chattel interest and the words "*leaving* no lawful heir" must mean leaving no issue at the time of the death of the first taker. In *Crooke vs. De Voudes,* 9 *Ves.* 197, freehold and leasehold estates were devised in the same will to a grandson and the heirs of his body lawfully issuing, with limitation over "if he has no such heirs," and the limitation over as to both was held void, but Lord ELDON took the distinction between those words and the words "if he *leaves* no such heirs," which latter as to the leasehold estates he said would upon the authority of *Forth vs. Chapman,* import a failure at the time of his death. This case is cited with approval in *Newton vs. Griffith,* 1 *H. & G.,* 117. In his elaborate opinion in *Cadogan vs. Ewart,* 7 *Adol. & Ellis,* 636, Lord DENMAN said, the words, "depart this life without *leaving* issue lawfully begotten," would, "if the question arose upon a term for years or other personal estate, now be held to mean a dying without issue living at the death of the first taker." Other authorities of equal weight might be cited to the same effect, but these must suffice to establish the distinction, and determine its applicability to devises of leasehold estates. For certain purposes under our laws a leasehold interest like the present under a lease for ninety-nine years, renewable for ever, may have impressed upon it some of the qualities of real estate, but it is wanting in the essential quality which the authorities show the Courts have mainly considered in establishing the distinction by which they would determine a devise over of a freehold, under a similar clause, to be void. It is still an estate less than a freehold ; it does not descend *to the heir* but is assets in the hands of the executor or administrator to be administered and distributed by him as other personal property, under the authority of the Orphans' Court. *Code, Art.* 93, *sec.* 220 ; *Williams vs. Holmes,* 9 *Md.* 281.

Upon these authorities and for these reasons we are of opinion the limitation over in the clause of the will under review, if the subject be a leasehold estate, is not void for remoteness, and hence there was error in the Court's rulings upon the prayers for which the judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed and*
*new trial awarded.*

(Decided 23d June, 1870.)