## SMITH *v.* HUNTER and Others.

DEVISE.—*Hunter* died, leaving a widow, a daughter, and an adopted son. He devised the land to the son on the following conditions: 1. That he should live with the widow, and be obedient and kind to her, until he was twenty years of age. 2. That the expenses of his education, from the time he should become eighteen till he reached the age of twenty years, should be defrayed without expense to the widow, or out of the land devised to him. 3. Should he die childless, the land should belong to the daughter or her heirs. The control of the land was given to the widow till the son should reach the age of twenty years. The land was sold by the son's guardian, in due form of law, to defray his maintenance and education, he being at the time about sixteen years old. The son died childless in *October,* 1861.

*Held,* that during his lifetime, the son held a fee-simple *conditional* in the land, and dying childless there was a failure of the condition, and by the will the estate went to the heirs of the daughter by executory devise.

*Held,* also, that the charge upon the estate for the maintenance and support of the son, was simply a lien on the land, to be enforced by the executor, in order to raise funds for the specific purpose, or in case of his neglect, by a proper suit on behalf of the beneficiary. But to any such suit the heirs of the daughter must have been parties, or their title would not have been effected thereby.

APPEAL from the *Putnam* Circuit Court.

FRAZER, J.—This was an action of ejectment. The appellees, who were the plaintiffs below, claimed title as the heirs at law of *Icophena Hunter,* deceased, and the defendant claimed by purchase from the guardian of *David S. Meriter.*

*Samuel D. Hunter* died testate, seized of the lands, leaving a widow, a daughter, *Icophena,* and an adopted son,

*David S. Meriter*, surviving him. By his last will, he devised the land in controversy to *Meriter*, on the following conditions: 1. That he should live with the widow, and be obedient and kind to her, until he should be twenty years of age. 2. That the expenses of his education, from the time he should become eighteen until he reached the age of twenty years, should be defrayed without expense to the widow, or out of the land devised to him. 3. Should he die childless, the land should belong to *Icophena* or her heirs. The control of the land was given to the widow until *David* should become twenty years of age, except as afterward specified in the will. The subsequent part of the will having relation to the subject, directs the executor to have *David* educated as well as school teachers generally are, and to defray the expenses thereof, from the time he should reach the age of eighteen years, until he should be twenty, as far as might be necessary, out of the land. Another tract of land was devised to *Icophena* in fee, and another to the widow for life, remainder in fee to *Icophena*. The personal property, after paying debts, went to the widow. There is no question made as to the boy's having faithfully discharged every duty incumbent upon him by the will.

The widow and *Icophena* died in 1853. The estate of *Samuel D. Hunter* was settled in 1856, and in 1857 *David's* guardian sold the land in due form of law to the defendant, for the purposes of *David's* maintenance and education, and for reinvestment in other lands, *David* being then about sixteen years of age. He died childless in *October*, 1861. He had no other estate.

That the purchaser at the guardian's sale could take no greater estate in the land than the ward had, is a proposition so clear that it would be scarcely pardonable to dwell upon it. The pertinent inquiry then is, what was the nature of the estate of *David S. Meriter* in the land in controversy? Apart from that clause in the will which provides for defraying a portion of the expenses of the

boy's education out of the land, it is quite evident that during his lifetime he held a fee-simple conditional, and dying childless, there was a failure of the condition; and by the will the estate went to the heirs of *Icophena*, by executory devise, a fee being thus limited to take effect after a fee. It would follow, in this state of the case, that the plaintiffs must recover. *Jones* v. *Miller*, 13 Ind. 337.

The effect of the provision for defraying the expenses of young *Meriter's* education out of the land remains to be considered. It will be observed that this is a charge, not upon the estate devised to *Meriter* merely, but upon the land itself. It was for his benefit. Is it such an interest in the land as will be deemed to enlarge his estate therein beyond what it would otherwise be? It seems to us clearly not. The charge was simply a lien upon the land, to be enforced by the executor, in order to raise funds for the specific purpose; or, in case of his neglect, the lien might have been otherwise enforced, on behalf of the beneficiary, by a proper suit, which might have resulted in a sale which would have vested the whole estate in the purchaser. But to any such suit these plaintiffs must have been made defendants, otherwise their title could not be affected. They were entitled to their day in court, that they might show cause against enforcing the lien, or advance the necessary funds, and in that way prevent the sale. Having been denied such opportunity, the sale must be held void as to them. *Potter* v. *Gardener*, 12 Wheat. 498; *Taft* v. *Morse*, 4 Met. 523.

The conclusion is unavoidable that the estate of the purchaser at the guardian's sale was defeated by the death of young *Meriter* without issue, and that thereupon the plaintiffs were entitled to the possession of the land.

Judgment affirmed, with costs.

*James A. Scott* and *D. R. Eckles*, for appellant.

*J. A. Matson*, for appellee.