HUXFORD, ADM'X, *v.* MILLIGAN ET AL.

WILL.—*Estate Tail.*—*Fee Simple.*—A. bequeathed the residue of his estate, both real and personal, to his sons B. and C., and if they should die without issue, then their share should go back to the estate of the testator, and in case of its going back to said estate, it was to be equally divided among the children of the testator then living. After the death of the testator, B. and C. took possession of the estate bequeathed to them, and afterward they both died without issue.

*Held,* that at common law the limitation over, after the death of B. and C.,

vested in them an estate tail, or cut down the fee given them to an estate tail.

*Held,* that by the statute of this State B. and C. took an estate in fee simple in the real estate, and the limitation over of the personal estate was void.

SAME.—*Limitation.*—A limitation over, which is not to take effect until after an indefinite failure of issue, is in violation of the statute against perpetuities, and therefore void.

SAME.—*Definition.*—A definite failure of issue is when a precise time is fixed for the failure of issue.

SAME.—An indefinite failure of issue is the period when the issue or descendants of the first taker shall become extinct, and when there is no longer any issue of the issue of the grantee, without reference to any particular time or any particular event.

From the Parke Circuit Court.

*S. F. Maxwell* and *S. D. Puet.* for appellant.

*Allen, Mack & Davis* and *D. H. Maxwell,* for appellees.

DOWNEY, J.—There are two questions in this case. The first is with reference to the sufficiency of the complaint, and the second involves the correctness of the action of the court in refusing to grant the appellant a new trial.

The appellees, Elizabeth Milligan, Andrew J. Huxford, John Huxford, Polly Causey, and Margaret Bowsher, heirs of Charles W. Huxford, deceased, filed a claim against the appellant, as administratrix of the estate of Benjamin D. Huxford, deceased. The items of the claim are for growing timber cut and converted by the deceased, while tenant for life, from a tract of land known as the Daily farm, four hundred dollars; personal property, stock, money, etc., received and converted by deceased, belonging to claimants, as shown by final settlement-sheet and last will and testament of Charles W. Huxford, deceased, a more particular description of which they allege they cannot give, two thousand one hundred and thirty-one dollars.

The claim is followed, in the record, by a copy of what purports to be a final report by Charles W. Huxford, executor of the will of Charles W. Huxford, deceased, for final settlement. Also, a receipt of O. P. Brown, guardian of Benjamin D. Huxford, for his portion of personal property according to the

will of Charles W. Huxford, Sr., deceased, and also a copy of the will of said deceased.

Answer, a general denial. Trial by jury; verdict for the plaintiffs for seventeen hundred and twenty dollars; motion for a new trial made by the defendant and overruled by the court; motion in arrest of judgment, on the ground that the complaint did not state facts sufficient to constitute a cause of action, overruled, and final judgment for the amount of the verdict.

There was no objection made to the complaint or claim until after the verdict, and no application to the court to have it made more specific. We regard the claim as sufficient. 2 G. & H. 501, sec. 62; *Ginn* v. *Collins,* 43 Ind. 271, and cases cited.

The motion for a new trial presents the following grounds:

1. The giving of instructions, on the court's own motion, numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11.

2. Refusing to give instructions asked by the defendant numbered 1, 2, 3, 4, 5, 6, and 7.

3. Refusing to allow counsel for the defendant to argue the questions stated in bill of exceptions numbered three filed in this cause.

4. Error of the court in refusing to allow counsel for the defendant to argue the questions stated in bill of exceptions numbered four.

5. The verdict of the jury is not sustained by the evidence in the cause.

6. The verdict of the jury is contrary to law.

7. Rejecting the evidence offered at the trial by the defendant, showing a partition of said land between the parties to this suit, and other evidence excepted to at the time as shown by bill of exceptions number five.

8. Admitting evidence offered by plaintiffs, over the objection of defendants, to which ruling of the court the defendant excepted at the time, as shown by bill of exceptions number six.

We shall consider and decide such questions as are pre-

·sented by the record and are made in the brief of counsel for the appellant.

As the most important question in the case turns upon the will of Charles W. Huxford, Sr., deceased, we here copy so much of it as is material :

" Sixth. I bequeath to my two sons Charles W. Huxford and Benjamin D. Huxford all the residue of my estate, both personal and real, and they are/to pay my sons Andrew J. Huxford and John Huxford the five hundred dollars each bequeathed to them, jointly out of their share of my estate, and should either of my sons Charles W. Huxford or Benjamin D. Huxford die without issue, then their share of my estate to go back to my estate, and should any named legatee unsuccessfully contest this will, then their bequests shall be void.

"Seventh. Should any of the property herein bequeathed go back to my estate, I direct that it shall be divided equally among my children then living."

After the death of Charles W. Huxford, Sr., the testator, and settlement of his estate, Charles W. Huxford, Jr., and Benjamin D. Huxford took possession of the real and personal property devised and bequeathed to them by the will, and used the same jointly.   Then Charles W. Huxford, Jr., died without issue, and Benjamin D. settled with the plaintiffs for so much of the estate as was held by Charles W., Jr.   Next Benjamin D. died without issue, and this claim was filed against the appellant, as administratrix of his estate, for the value of the timber cut and removed by him, Benjamin D., from the land so devised to him, and for the half of the personal estate bequeathed to him, and which came to him under the will.

Counsel for the appellant contend that the estate of Benjamin D., under the will, would have been a fee tail at common law, and that, under the statute of this State converting such estates into fees simple, he had an estate in fee simple under the will.

Counsel for the appellees insist that the estate of Benjamin D. was a fee simple conditional in the real estate, and in the personal property a usufructuary interest, without the power of disposal.

What is meant by the words, "should either of my sons Charles W. Huxford or Benjamin D. Huxford die without issue," etc. ?    It is to be considered in such cases whether the testator meant a definite failure of issue, or an indefinite failure.    A definite failure of issue is when a precise time is fixed by the will for the failure of issue, as in the case where there is a devise to one, but if he dies without issue or lawful issue living at the time of his death, etc.    An indefinite failure of issue is the period when the issue or descendants of the first taker shall become extinct, and when there is no longer any issue of the issue of the grantee, without reference to any particular time or any particular event.

In deciding the question as to the proper construction of the will, we are not to look to events occurring after the death of the testator.    We cannot take into our consideration the fact that Benjamin D. Huxford had no issue living at the time of his death.    But we must look alone to the terms of the will.    They mean the same thing and must have the same construction at all times.    If the will imports, upon its face, an indefinite failure of issue, it must be so construed, whatever events may have subsequently occurred.    The death of the first taker occurs after the making of the will and after the death of the testator, and can have no effect upon the proper construction of the will.

Where there is a limitation over after a definite failure of issue, it is valid as an executory devise.    A limitation over after an indefinite failure of issue is void as an executory devise, for the reason that the contingency upon which the limitation over is to take effect is too remote.

It has been almost uniformly held in England and in this country, that a limitation over in the event that the first taker shall die without heirs, without issue, or on failure of issue, or without leaving issue, creates an estate tail.    The language

generally is, that the devise without the limitation over would create a fee simple, but with the limitation over is a fee simple cut down to an estate tail.

The cases on the subject are exceedingly numerous. They are collected in the notes to 4 Kent Com. 277, twelfth edition. We have examined most of these cases, but cannot refer to them specially in this opinion without making it too long.

In *Jones* v. *Miller*, 13 Ind. 337, the testator had devised his estate to his son, and provided that if he should die without a lawful heir or heirs, the same should go to the children of his daughter, and, on account of the peculiar language of the will, it was held that the words "lawful heir or heirs" were used in the limited sense of child or heir of the body of the son "at the time of his death," and that, therefore, the limitation over was valid as an executory devise.

In *Smith* v. *Hunter*, 23 Ind. 580, the devise was to David S. Meriter, and if he died childless, then to Icophena and her heirs, and it was held that during his lifetime David "held a fee simple conditional, and dying childless, there was a failure of the condition; and by the will the estate went to the heirs of Icophena, by executory devise, a fee being thus limited to take effect after a fee." The case of *Jones* v. *Miller*, *supra*, is cited.

The question of the proper construction of such a clause in a will seems to have been involved in *Hayworth* v. *Hawkins*, 17 Ind. 436, but the facts of the case are not so stated in the opinion as to enable us to determine what was decided. Reference is made to the above cases in this court, and to *Hall* v. *Priest*, 6 Gray, 18. In the last named case, the rules of construction are stated as already laid down in this opinion, and it is also stated that when an estate is limited to take effect after an estate tail, the future or contingent interest so limited constitutes an estate in remainder, and does not take effect as an executory devise.

Chancellor Kent says: "The series of cases in the English law have been uniform, from the time of the Year Books down to the present day, in the recognition of the rule of law, that

a devise in fee, with a remainder over if the devisee dies without issue or heirs of the body, is a fee cut down to an estate tail; and the limitation over is void, by way of executory devise, as being too remote, and founded on an indefinite failure of issue. The general course of American authorities would seem to be to the same effect, and the settled English rule of construction is considered to be equally the settled rule of law in this country; though, perhaps, it is not deemed of quite so stubborn a nature, and is more flexible, and more easily turned aside by the force of slight additional expressions in the will."

The seventh item in the will provides, that should any of the property bequeathed go back to the estate of the testator, it shall be divided equally among his children "then living." We do not think there is anything in this language which can control the rule applicable in the construction of the other part of the will.

In *Hope* v. *Taylor*, 1 Burr. 268, the language was: "If either of the persons before named die without issue lawfully begotten, the said legacy shall be divided equally between them that are left alive;" and it was held that the general rule applied, and that the language created an estate tail.

In *Doe* v. *Ellis*, 9 East, 382, the language was: "I give and devise unto my son Joseph, his heirs and assigns forever, all that messuage or tenement in Leeds in his own occupation; but in case my said son Joseph shall die without issue, then I give and devise the same messuage unto the child or children with which my wife is now *enceinte,* his or her heirs and assigns forever." This language was held not to be such as to prevent the operation of the general rule, and that Joseph took an estate tail. And see *Bells* v. *Gillespie*, 5 Rand. 273.

We think we must hold, in conformity to these authorities, that the limitation over after the death of the sons Charles W. and Benjamin D. vested in them an estate tail, or cut down the fee given them to an estate tail.

But it is provided by statute in this State, that " estates tail are abolished; and any estate which, according to the com-

mon law, would be adjudged a fee tail, shall hereafter be adjudged a fee simple; and if no valid remainder shall be limited thereon, shall be a fee simple absolute." 1 G. & H. 266, sec. 36.

It must result, we think, that although at common law the estate would, on account of the limitation over, be cut down to an estate tail, by force of this statute it is put up to the grade and dignity of a fee simple. The statute quoted seems to contemplate the creation of a remainder limited upon a fee simple. This was contrary to the rule of the common law.

Blackstone, vol. 2, p. 164, says: "No remainder can be limited after the grant of an estate in fee simple; because a fee simple is the highest and largest estate that a subject is capable of enjoying; and he that is tenant in fee hath in him the whole of the estate; a remainder, therefore, which is only a portion, or residuary part, of the estate, cannot be reserved after the whole is disposed of." And see *Broaddus* v. *Turner,* 5 Rand. 308.

Counsel for appellees rely upon the changes made by the statute of this State in the common law, relating to the limitation of estates in land, but counsel do not call our attention to any section or clause of our statute which makes any change in this rule. We concede that the statute has changed or abrogated many of the common law rules, but we find none which, like the statute of New York cited by Mr. Kent, allows a fee to be limited upon a fee by way of remainder. A contingent remainder in fee may be created on a prior remainder in fee, to take effect in the event that the person or persons to whom the first remainder is limited shall die under the age of twenty-one years, etc., but that rule is not applicable here.

The limitation over in this case, which was not to take effect until after an indefinite failure of issue, would, it seems to us, be in violation of the section of our statute against perpetuities, 1 G. & H. 266, sec. 40, and therefore void. See *Stephens* v. *Evans' Adm'x,* 30 Ind. 39.

We need not examine the cases particularly as they bear

upon the question concerning the personal estate conveyed by the will. .It is clear that if the limitation over of the real estate is void, the attempt to dispose of the personal estate in that manner is also void. Many of the cases hold that a limitation over of real estate may be valid, when the same limitation of personal estate will give the first taker the absolute ownership.

As this ruling will require us to reverse the judgment, and as most, if not all, of the other reasons for a new trial involve the question decided, we shall not examine any other questions.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.