Locke et al. v. Barbour, Trustee.

———— ◆ ————

LOCKE ET AL. v. BARBOUR, TRUSTEE.

62 577
130 253
62 577
146 281

WILL.—*Trusts and Powers.—Devise to Trustee, for Use of Another.—Powers of Trustee.—Conveyance by Husband and Wife.—Recovery of Real Estate.—Rents and Profits.—Partition.*—A testator devised a specified undivided interest in certain real estate to A. and B., "to have and to hold the same for the sole use, behoof and benefit of" his daughter S., who was a widow having several living children, "and to her heirs begotten of her body," directing "that the said trustees do pay over to the said" S., "or to her heirs begotten as aforesaid, the full rents and profits thereof, annually, for her or their exclusive support and maintenance, and to be receipted for by" her "if living." And further, that, in case she "should die without leaving any children or their descendants," then "the land devised to her shall be the absolute property of" certain other devisees.

*Held*, that section 13 of the act "concerning trusts and powers," 1 R. S. 1876, p. 915, recognizes certain classes of trusts, viz.: An executed or nominal trust, without power of disposition or management in the trustee ; an executory trust, in which there is a power of executing further conveyances ; and also an active trust, in which the trustee has the power of disposition or management of the trust estate.

*Held*, also, that, under the will, the legal estate vested, not in S., but in A. and B., with the power of management.

*Held*, also, that, under section 4 of said act "concerning trusts and powers," a conveyance, by S. and a subsequent husband, of the trust estate, made during the life of her children, vested no right in the grantee in either the fee-simple, her life-estate, or her interest in the rents and profits.

*Held*, also, that a successor of such trustees may, as trustee for S. and her children, recover such real estate from the purchaser, and also for the rents and profits thereof, and have partition of the tract embracing the trust estate.

VOL. LXII.—37

Locke *et al. v.* Barbour, Trustee.

From the Hamilton Circuit Court

*D. Moss, T. J. Kane, A. F. Shirts, G. Shirts, D. M. Bradbury* and *C. Ballenger,* for appellants.

*J. W. Evans* and *R. R. Stephenson,* for appellee.

PERKINS, J.—Suit for partition, brought by John M. Barbour, trustee for Sarah E. Potter, Mary Potter, Alpha Potter and Catherine Potter, against William M. Locke, George Bonebrake, James S. Lytle, Lewis Morris and James R. Parker. The lands of which partition is sought are those of which Richard F. Lytle died seized, and disposed of by his last will, a copy of which follows :

" I, Richard F. Lytle, Sen., of Hamilton county, State of Indiana, being of sound mind and memory, and considering the uncertainty of this transitory life, do thereupon make, ordain and publish this to be my last will and testament. That is to say,

"*First,* I direct, that, as soon after my decease as possible, my executor pay all my lawful debts and funeral expenses out of any portion of my estate's property applicable to that purpose. Whereas I have heretofore given and conveyed to my son James S. Lytle a tract of eighty (80) acres, lying south of the town of Strawtown, in Hamilton county, Indiana, (see description in said deed,) now I do hereby give and devise to him twenty acres of land, to be taken off of the south-east corner of my farm near Strawtown, and adjoining to the said tract heretofore conveyed to him, and which said twenty acres is all the land which I design for my said son. I do hereby bequeath and devise to Nathan L. Lytle and Richard F. Lytle, Jr., the undivided and equal one-fifth portion of all my lands and real estate, (except the 20 acres above described,) wherever situated, to have and to hold the same for the sole use, behoof and benefit of my daughter, Sarah Elizabeth Potter, and to her heirs begotten of her body ; and I further direct that the said trustees do pay over to the said Sarah, or to her heirs

Locke *et al. v.* Barbour, Trustee.

begotten as aforesaid, the full rents and profits thereof, annually, for her or their exclusive support and maintenance, and to be receipted for by the said Sarah, if living."

Said Sarah Elizabeth Potter had, at the death of the testator, living children of her body begotten, viz. : Mary Potter, Alpha Potter, and Catherine Potter, who were still living at the commencement of this suit.

" I do further direct, that, in case the said Sarah Elizabeth Potter should die without leaving any children or their descendants, that then, and in such case, the land devised to her shall be the absolute property of the said Nathan L. Lytle, Richard F. Lytle, Jr., Malinda G. Lytle, Mary Ann Lyng and James S. Lytle, their heirs and assigns forever.

" I do also give and bequeath to Nathan L. Lytle, Mary Ann Lyng, Richard F. Lytle, Jr., and Malinda G. Lytle, all the balance and residue of my lands and real estate, wherever they may be situated, equally, to share and share alike therein, to have and to hold the same to the said devisees, their heirs and assigns forever.

" I do further direct, that any and all personal property, of which I may die possessed, and which may remain after the payment of my debts, be equally divided between the said James S. Lytle, Nathan L. Lytle, Mary Ann Lyng, Richard F. Lytle, Jr., Malinda G. Lytle and Sarah Elizabeth Potter.

" Whereas I have heretofore advanced to my grandson, Henry W. Terrell, who is the sole child of Elizabeth Terrell, formerly Elizabeth Lytle, therefore I do not herein devise any thing to him.

"I do hereby constitute and appoint my said sons Nathan L. Lytle and Richard F. Lytle, Jr., executors of this my last will and testament, hereby revoking all former wills by me at any time heretofore made.

" In witness whereof I have hereunto subscribed my

Locke *et al. v.* Barbour, Trustee.

name and affixed my seal, this 28th day of January, in the year of our Lord one thousand eight hundred and sixty-four (1864).                    RICHARD F. LYTLE. [SEAL]"

On November 29th, 1864, the will was probated.

On March 17th, 1870, the legatee, Sarah Elizabeth Potter, by a deed in which her husband joined, sold and conveyed to her brother, Nathan L. Lytle, one of the legatees, all her interest in the land devised by her father, receiving therefor its full value, three thousand six hundred dollars.

Previous to this the other general legatees in the will had also sold and conveyed to the said Nathan L. Lytle, and the deeds were all duly recorded.

On February 19th, 1872, Nathan sold and conveyed one hundred and eighty-nine acres of this land to the appellants Locke and Bonebrake, who made the purchase and paid the money, (ten thousand dollars,) the full value of the land.

On February 24th, 1872, Locke and Bonebrake sold and conveyed these one hundred and eighty-nine acres of land to the appellant Parker, who likewise paid the full value of the land.

On March 18th, 1870, said Nathan L. Lytle sold and conveyed to Richard F. Lytle, Jr., for four thousand dollars, the remainder of the land devised by his father, and to which he (Nathan) had acquired the title by purchase from the other legatees, as above indicated.

On January 2d, 1872, said Richard F. Lytle, Jr., sold and conveyed this last tract, eighty and thirty-two one hundredths acres in amount, to the appellant Morris, who paid the full value, took possession and made valuable improvements on the land.

On February 6th, 1875, the appellee, John M. Barbour, was appointed trustee in place of Nathan L. and Richard F. Lytle, Jr., named in the will as trustees.

A month later, March 9th, 1875, this suit was brought, and assumes that the sale and deed made by Mrs. Potter

and her husband were each a nullity, and seeks to have set off to her the land she received under the will and to recover rents for the use of it since she conveyed it, the same as though she had never made any conveyance of it.

The court, after sustaining the demurrers to the answers, rendered judgment for partition, appointed commissioners, had the land set off substantially as prayed for, and rendered judgment for back rent at the rate of five dollars per acre, making the money judgment against Morris two hundred and ninety-eight dollars and seventy cents, and against Parker seven hundred and one dollars and thirty cents.

The will was duly probated and recorded.

The case turns upon the construction of those clauses in the will which declare the use to which the devisees in trust are to hold the property, viz. :

" To have and to hold the same for the sole use, behoof and benefit of my daughter, Sarah Elizabeth Potter, and to her heirs begotten of her body, and I further direct that the said trustees do pay over to the said Sarah, or to her heirs begotten as aforesaid, the full rents and profits thereof, annually, for her or their exclusive support and maintenance, and to be receipted for by the said Sarah, if living.

"I do further direct, that, in case the said Sarah Elizabeth Potter should die without leaving any children or their descendants, that then, and in such case, that the land devised to her shall be the absolute property of the said Nathan L. Lytle, Richard F. Lytle, Jr., Malinda G. Lytle, Mary Ann Lyng and James S. Lytle, their heirs and assigns forever."

We think the meaning of this part of the will may be expressed by reading it as follows : " To have and to hold the same for the sole use, behoof and benefit of my daughter, Sarah Elizabeth Potter, for life, and to her heirs begot-

ten of her body; and I do further direct that the said trustees do pay over to the said Sarah during her life, and, after her death, to her heirs begotten as aforesaid, the full rents and profits thereof, annually, for her support during her life, and for their support after her death. But should the said Sarah die without leaving any heirs begotten of her body as aforesaid, or children and heirs of said heirs of her body as aforesaid, then," etc.

This interpretation, perhaps, brings the devise within the rule in Shelley's case, and gives to the said Sarah an equitable estate in fee-tail, which (estates tail being abolished in this State) became an estate in fee absolute, *Gonzales* v. *Barton*, 45 Ind. 295, unless an active or executory trust was imposed upon the trustees, which vested the legal title in them, and thereby prevented its passing to the said Sarah; and the next question to be considered is, whether there is such an active or executory trust conferred upon Nathan L. Lytle and Richard F. Lytle, Jr., as requires the legal title in the estate devised to them for the sole use of Sarah Elizabeth Potter, and her heirs begotten of her body, to remain in them, and thereby prevent the operation, upon the demise, of the rule in Shelley's case, so far as vesting the legal title was concerned, or of section 13 of our statute of trusts and powers, which section reads as follows, 1 R. S. 1876, p. 916:

" A conveyance or devise of lands to a trustee whose title is nominal only, and who has no power of disposition or management of such lands, is void as to the trustee, and shall be deemed a direct conveyance or devise to the beneficiary."

It will be observed, that, in the devise to the Lytles, the trustees, the words " their heirs " are not used. Hence, said trustees took such legal title as was necessary to the execution of the trust. *Neilson* v. *Lagow*, 4 Ind. 607; *Nelson* v. *Davis*, 35 Ind. 474.

The rule in Shelley's case applies not alone to legal, but also to certain equitable, certain trust, estates. "But in order that technical words may receive their legal signification, and in order that the rule in Shelley's case may be applied to limitations of equitable estates, the trusts must be executed and not executory." 1 Perry Trusts, 2d ed., p. 440, sec. 359. *Siceloff* v. *Redman's Adm'r*, 26 Ind. 251. Such would be the rule under the section of our statute above quoted.

These two classes of trusts were intended to be defined, in a general way, by said section of the statute, executed trusts being therein designated as nominal trusts, without power of disposition or management in. the trustees; and, by implication, the other class, executory trusts, being those in which there is a power of executing further conveyances. It also provides for a class called active trusts, where there is a power of management.

The application of these definitions to particular cases approaching near the line of division between them is attended with difficulty, where the question arises upon the power of management. How much or how little, and what character, of management will place the trust, in a given case, in one or the other of the classes of trusts mentioned? *Siceloff* v. *Redman's Adm'r*, 26 Ind. 251, furnishes an example of an executory trust. See 4 Kent Com. 221.

We shall not enter upon a general discussion of the subject, but limit ourself to the determination simply of the fact as to which class the trust in the case before us belongs. It is an active, but not strictly an executory, trust. No conveyance is to be made. It imposes upon the trustees the duty of paying the rents to the beneficiaries and taking the receipt therefor of one of them. It seems to be pretty well established that a devise to trustees to hold real property for the sole use and benefit of a named beneficiary, for and during the life of such beneficiary, and to

pay him or her the rents annually, taking his or her re-ceipts therefor, is such a power of management as vests the legal estate in the trustees. *Barnett's Appeal*, 46 Pa. State, 392; *Shankland's Appeal*, 47 Pa. State, 113; and see, es-pecially, *Dodson* v. *Ball*, 60 Pa. State, 492; 1 Perry Trusts, 374.

In this volume of Perry, p. 395, sec. 313, it is said:

" Thus courts have by construction implied an estate in the trustees, although no estate was given them in words; but, in all such cases, the trustees were required to do some-thing that required a legal estate of some kind in them; as, where a testator gave to a married woman the rents and profits of certain lands to be paid her by his execu-tors, it was held to be a devise of the land itself to the executors, although nothing was given them in terms, to en-able them to carry out the purposes of the trust. So a power given to executors to rent, lease, repair, and insure, implies a legal title in them."

" But a distinction is made where the direction to the trustee is not to pay over the rents and profits, to another, but to permit such other to receive them; because in the former case, the trustee must necessarily receive them, and hence, take the legal estate; while in the latter case, there being no such necessity, the legal estate will be vested, by the statute, in the person who is to receive the rents and profits." The Law of Trust & Trustees, by Tiffany & Bullard, 787. Hill Trustees, side p. 232, top p. 359; *Ware* v. *Richardson*, 3 Md. 505.

We may observe further, that it appears that Sarah Elizabeth Potter was a widow having children and heirs by her deceased husband, and this circumstance, though it does not appear that she was then contemplating a second marriage, may have had influence with the devisor, in vesting the control of the rents, to the extent he did, in the trustees. See Perry Trusts, secs. 310 to 312.

Where the power given to the trustee embraces the power of disposition by sale and conveyance of the land, the trustee takes the fee as necessary to enable him to sell and convey the fee. 1 Perry Trusts, sec. 315.

The trustee in such cases holds the legal estate, " so long as it shall be necessary, and it will then be executed in the *cestui que trust,* upon the principle that trustees only take so much of the legal estate as the purposes of the trust require." 2 Washburn Real Prop. 469.

As to the question of perpetuities, see *Huxford* v. *Milligan,* 50 Ind. 542 ; Hill Trustees, star pp. 333, 334.

Other questions upon the construction may in future time arise upon the construction of the will in this case, but they are not necessarily presented in this case. It sufficiently appears that said Sarah Elizabeth was not possessed of the legal title, and hence had no power to convey it. Nor could she convey her interest in the rents and profits. 1 R. S. 1876, p. 915.

The judgment is affirmed, with costs.

## On petition for a rehearing.

Perkins, J.—An elaborate petition for a rehearing has been filed. We have carefully considered it.

The case is this :

Richard F. Lytle, Sr., devised certain lands to Nathan L. Lytle and Richard F. Lytle, Jr., " to have and to hold the same for the sole use, behoof and benefit of my daughter, Sarah Elizabeth Potter, and to her heirs begotten of her body; and I further direct that the said trustees do pay over to the said Sarah, or to her heirs begotten as aforesaid, the full rents and profits thereof, annually, for her or their exclusive support and maintenance, and to be receipted for by the said Sarah, if living."

She still lives. Said Sarah sold the land, making a deed in fee-simple.

Section 13 of the act of this State concerning trusts and powers enacts, 1 R. S. 1876, p. 916, that " A conveyance or devise of lands to a trustee whose title is nominal only, and who has no power of disposition or management of such lands, is void as to the trustee, and shall be deemed a direct conveyance or devise to the beneficiary."

In this case, the trustees had the power of management of the estate, and hence the devise was not direct to the beneficiary. An active trust was vested, to be administered by the trustees. They necessarily took the legal title.

It is claimed that the devise was void as against the law of perpetuities. If this is so (which we do not decide) as to the limitations over, it was valid as to the life-estate of the first beneficiary, who is still in life.

In *Proprietors, etc.,* v. *Grant,* 3 Gray, 142, it is said :

" The remaining inquiry is as to the effect of the invalidity of the devise over, on account of its remoteness, upon the preceding gift in fee to the deacons and their successors forever. Upon this point we understand the rule to be, that if a limitation over is void by reason of its remoteness, it places all prior gifts in the same situation as if the devise over had been wholly omitted. Therefore, a gift of the fee or the entire interest, subject to an executory limitation which is too remote, takes effect as if it had been originally limited free from any devesting gift. The general principle applicable to such cases is, that when a subsequent condition or limitation is void, by reason of its being impossible, repugnant or contrary to law, the estate becomes vested in the first taker, discharged of the condition or limitation over, according to the terms in which it was granted or devised ; if for life, then it takes effect as a life-estate ; if in fee, then as a fee-simple absolute. 1 Jarman on Wills, 200, 783 ; Lewis on Perp. 657 ; 2 Bl. Com. 156 ; 4 Kent Com. 130 ; Co. Lit. 206 *a,* 206 *b,* 223 *a.*"

And where the devise is of an equitable, a trust, estate,

the same rule applies. Whether the limitations over in this case are void or valid, whatever estate vests in Mrs. Potter during her life is simply a right to receive the rents and profits, and hence falls within the following, being the 4th section of the act concerning trusts and powers, 1 R. S. 1876, p. 915:

" No person beneficially interested in a trust for the receipt of the rents and profits of land, can dispose of such interest, unless the right to make disposition thereof is conferred by the instrument creating such trust; but the interest of every person for whose benefit a trust for the payment of a sum in gross is created, is assignable."

This disabled Sarah Elizabeth Potter, the first beneficiary, to sell even her interest in the rents, etc., to be paid to her from time to time for her support.

The petition for a rehearing is overruled.

Original opinion filed at May term, 1878.
Opinion on petition for a rehearing filed at November term, 1878.