Outland *et al. v.* Bowen *et al.*

No. 12,987.

## OUTLAND ET AL. *v.* BOWEN ET AL.

DEED.—*Estate Tail.—Conditional Fee.—Void Limitation Over.*—In 1855, B. executed a warranty deed conveying land to his granddaughter for an expressed money consideration. Following the description was written a stipulation that if the grantee should die, leaving no children, the land, or its proceeds that might be realized by sale or otherwise, should revert to the lawful heirs of the grantor; and, also, if the guardian of the grantee saw fit to sell the land, he could do so, by appropriating the proceeds of the sale to the use of the grantee while she should live, and then applying the balance, if she should die without heirs of her body, to the heirs of the grantor. The grantee died in 1883, while in possession of the land, leaving no children, but leaving a husband and mother as her only heirs at law.

*Held,* that the estate created in the grantee is not an estate tail, but a conditional fee, liable to be defeated only by the two contingencies, (1) that the grantee should die childless, and (2) that the grantor, prior to that event, should have died leaving lawful heirs competent to take the estate limited over.

*Held,* also, that as the deed disposes of the entire estate, with no reversion to the grantor, there can be no remainder, and that for this reason, and for the additional reasons that there was no person in being competent to take the conditional estate limited over, and that the deed confers upon the grantee a general power of disposition, the limitation over is void and the estate of the first taker became a fee simple absolute

From the Wayne Circuit Court.

*C. H. Burchenal, J. L. Rupe, W. A. Peelle, S. C. Whitesell* and *B. F. Mason,* for appellants.

*H. C. Fox* and *J. F. Robbins,* for appellees.

MITCHELL, J.—On the 25th day of February, 1855, Joseph Bowen, Senior, executed a warranty deed in the common form, by which he conveyed a tract of land situate in Wayne county to his granddaughter, Rebecca Elizabeth Bowen, for the expressed consideration of eight hundred dollars.

Following the description of the premises conveyed, there was written this stipulation : " The condition of the above deed is such, that if the said Rebecca E. Bowen should die

leaving no child or children, the above described land, or its proceeds that may be realized by sale or otherwise, are to fall back to the lawful heirs of Joseph Bowen, Senior; and, also, should the guardian of the said Rebecca E. Bowen see fit to sell the above land, he can, by appropriating the proceeds of the sale to the uses of the said Rebecca E. Bowen while she may live, and then apply the balance, if she should die without heirs of her body, to the heirs of Joseph Bowen, Senior."

Subsequent to the execution of the deed, the grantee was united in marriage with the appellant, Josiah Outland, with whom she lived on the land conveyed until the year 1883, when she departed this life, leaving surviving her no child nor children. Her husband and mother survive as her only heirs at law.

The present litigation involves a controversy between those describing themselves as the lawful heirs of Joseph Bowen, deceased, grantor in the deed above mentioned, and the surviving husband and mother of Rebecca E. Bowen, concerning the title and ownership of the land conveyed by the deed of Joseph Bowen. The final determination of this controversy depends wholly upon the construction to be given to the deed, it being conceded that both parties assert title through that instrument. The inquiry is, what was the duration and quantity of the estate created in Rebecca E. Bowen, the first grantee, and was there a valid remainder or estate of any description limited over to those who now claim as the lawful heirs of the grantor?

It is contended on behalf of the appellants that the estate conveyed to the grantee named in the deed was one which, according to the rules of the common law, would have been adjudged an estate tail, and that since estates of that description have been abolished by statute in this State—section 2958, R. S. 1881, in force since May 6th, 1853—it is now to be construed a fee simple absolute. Without pausing to consider the sometimes apparently artificial refinements, or the numerous technical and ingenious distinctions of the com-

mon law in respect to the character of estates in land, we
deem it sufficient to state our general conclusion here, and
that is, that the estate created by the deed in question, while
in many respects bearing some analogy to an estate tail, was
not one having the essential characteristics of an estate of
that description.   Ordinarily, an estate tail is created by a
conveyance or devise in fee to some particular person, with
a limitation over, in the event of the death of the person
named without issue, or upon an indefinite failure of issue.
The doctrine of the books seems to be, that whenever it ap-
pears in the instrument creating the estate that it was in-
tended that the issue of the first taker should take by in-
heritance in a direct line, and in a regular order and course
of descent, so long as his posterity should endure, and an
estate in fee or in tail is given in remainder, upon an in-
definite failure of issue, then the estate first created will be
construed to be an estate tail.    *Huxford* v. *Milligan*, 50 Ind.
542 ;   *King* v. *Rea*, 56 Ind. 1 ;   *Tipton* v. *La Rose*, 27 Ind.
484 ; *Shimer* v. *Mann*, 99 Ind. 190 (50 Am. R. 82) ; *Eichel-
berger* v. *Barnitz*, 9 Watts, 447 ;   *Pott's Appeal*, 30 Pa. St.
168 ; 1 Leading Cases Real Property, 98.

But it is well settled on the other hand, that if it appears
from the deed that the limitation over was not postponed
until an indefinite failure of issue, but on failure of children
only, or on failure of issue within a given time, the estate
will not belong to the class known as estates tail.    *Hill* v.
*Hill*, 74 Pa. St. 173; *Nightingale* v. *Burrell*, 15 Pick. 104 ;
*Allender* v. *Sussan*, 33 Md. 11.

The deed under consideration created in Rebecca E. Bowen
an estate in fee, which was determinable, however, upon
the contingency that she should die leaving no child or
children.    There is nothing in the deed indicative of an in-
tention to limit or restrain the grantee, in the disposition of
the estate, in the event she should leave surviving her a child
or children.  It left the estate to be transmitted to the child
or children of the grantee, if any should survive, or to be

disposed of by her in such other manner as she might determine, the only limitation or condition being that she leave surviving a child or children. In this respect the deed lacks an essential element in the creation of an estate tail. Moreover, it will be observed that, according to the condition in the deed, if the grantee died without leaving a child or children, it is of no consequence that she may have had children through whom she may have left grandchildren or other lineal descendants. The whole estate was granted to her in fee, but it was made to determine, by a limitation over in fee, upon the contingency of her death without leaving a child or children. Upon the happening of that event, whether soon or late, the land, or in case that had meanwhile been sold or otherwise disposed of, then the proceeds realized, were to vest in such persons, if any there could be, as might at that time occupy the relation of "lawful heirs" to the grantor. The foregoing considerations confirm our conclusion that the estate created in Rebecca E. Bowen was not one which at the common law would have been adjudged an estate tail. Of the estate created by the deed to Rebecca E. Bowen, we may say, primarily it was a fee simple, and, notwithstanding the condition subsequently written in the deed, the estate was liable to become absolute and continue perpetually in the first taker, her heirs and assigns. 1 Washb. Real Prop., pp. 61, 62. This created in her a fee simple conditional, or a fee of a determinable or conditional character. *Smith* v. *Hunter,* 23 Ind. 580; *Clark* v. *Barton,* 51 Ind. 165; *Greer* v. *Wilson,* 108 Ind. 322; Tiedeman Real Prop., section 26; Gray Rule against Perpetuities, section 14.

It was necessary that two contingencies should arise or exist concurrently in order that the estate created might be defeated. One was, that the grantee of the precedent estate should die without leaving a child or children surviving. The other was, that the grantor prior to that event should have died leaving lawful heirs competent to take the estate limited over. *Hennessy* v. *Patterson,* 85 N. Y. 91.

The land was conveyed in fee to the first taker, and it remained uncertain until her death whether the estate conveyed would be defeated by the condition in the deed, or become absolute, and it could not be known until the death of the grantor, who would take as his lawful heirs. Since it was doubtful whether either of these contingencies would happen, the grant created a fee in the grantee, and there remained in the grantor no future estate in reversion, but only what is called a naked possibility of reverter. Tiedeman Real Prop., section 385.

In no event was the estate to revert to the grantor or his heirs so as to give them a right of re-entry as for a condition broken. The estate was to be carried over to the grantor's lawful heirs by the force and effect of the deed. The first taker's estate was, therefore, not an estate upon condition, but it was a conditional or determinable fee with a conditional limitation over. The essential difference between an estate upon condition and an estate in fee, which determines upon the happening of some future uncertain but possible event, with a limitation over, conditioned upon the happening of the event, is, that in the latter case, upon the happening of the event, the estate either reverts to the grantor or is carried by force of the deed to the person to whom it was granted; while in the former, the grantor must have either expressly or by necessary implication reserved to himself or his heirs a right of entry, upon breach of the condition, re-entry being necessary to revest the estate. *Attorney General* v. *Merrimack Manfg. Co.,* 14 Gray, 586.

"A conditional limitation is an estate limited to take effect after the determination of an estate, which in the absence of a limitation over would have been an estate upon condition. Strictly speaking, a conditional limitation can not be limited after an estate upon limitation." Tiedeman Real Prop. 281, note; 2 Washb. Real Prop. 562; *Brattle Square Church* v. *Grant,* 3 Gray, 142; *Miller* v. *Levi,* 44 N. Y. 489; *Chapin* v. *Harris,* 8 Allen, 594; 1 Leading Cases Real Prop

186. Concerning estates upon conditions subsequent, see *Cross* v. *Carson*, 8 Blackf. 138. The same case, with valuable note, 44 Am. Dec. 742 (759).

Conditional limitations were not recognized by the common law as estates capable of being created, by the same deed, with a prior estate or limitation. They could only be created so as to become valid and effectual under the statutes of uses and trusts, as shifting uses or executory devises. Tiedeman Real Prop., sections 281, 418.

The second conclusion at which we have arrived is, that the limitation over to the " lawful heirs " of the grantor in the deed in question, whether considered as a conditional limitation or as a contingent remainder, is void. It can not take effect for several reasons, some of which we proceed to state. Prior to the conveyance through which all the parties to this controversy claim title, the estate conveyed to Rebecca E. Bowen, as well as the remainder or contingent estate limited over, formed one united estate in John Bowen, Senior, The entire estate was disposed of by the deed, there being no reversion to the grantor. As we have seen, the estate created in the first taker was not an estate upon condition, with a right of re-entry reserved to the grantor or his heirs, but a determinable or conditional fee, with a conditional limitation or remainder over. There was, therefore, no reversion to the grantor or right of entry in his heirs. They can not, and do not, claim as reversioners by inheritance from their ancestor, but through his deed as remainder-men, or as the owners of an estate created by a conditional limitation. They claim to derive their title through the same instrument as that through which the heirs of Rebecca E. Bowen claim. Williams Real Prop. 250.

It must follow, therefore, if there was no estate left in the grantor after the creation of the precedent estate, vested in the first taker, he could create no remainder, as a remainder can only be created out of the estate left in the grantor after the creation of the particular estate. After the conveyance

of an estate in fee, whether the fee be base, determinable or conditional, there is nothing in the nature of an estate in the grantor out of which to create a remainder. It has, therefore, been laid down as one of the fundamental rules in respect to the disposition of real estate, that a remainder can not be limited to take effect after a fee; or, in other words, "where there is no reversion there can be no remainder." Tiedeman Real Prop., section 398, and cases cited in note; *Huxford* v. *Milligan, supra.*

This rule has always been held inflexible in cases of estates created by an ordinary deed, and is applied to estates limited over, whether they be contingent remainders or conditional limitations. Gray Restraints on Alienation, section 22, and note.

Its force has been in nowise impaired or modified by section 2960, R. S. 1881, which has reference solely to the contingency upon which the remainder over shall take effect, and not to the quantity or duration of the precedent estate. It simply changes the common law rule so as to allow the remainder over to abridge the precedent estate. The only modification of the rule in this State, in respect to the power to limit one fee upon another, results from the enactment of section 2962, which, among other things, declares that "a contingent remainder in fee may be created on a prior remainder in fee, to take effect in the event that the person or persons to whom the first remainder is limited shall die under the age of twenty-one years, or upon any other contingency by which the estate of such person or persons may be determined before they attain their full age." The estate limited over in the deed involved in the present case, does not come within the permission of the above statute. The first estate was a fee, and the limitation over was to take effect at an indefinite period, depending upon the event of the death of the first taker at an undefined age.

The distinction between estates in remainder, such as might be created by deed at common law, and executory interests,

such as could only be created by executory devises in wills, or by conveyances to uses by creating shifting and springing uses in deeds, is not to be lost sight of. Estates of the latter description arise when their time comes, of their own inherent strength, and, when properly created, do not depend for protection on any prior estate. *Brattle Square Church* v. *Grant, supra; Smith* v. *Hance,* 11 N. J. 244; 1 Leading Cases Real Prop. 151, 189; Williams Real Prop. 265, 283.

Except as authorized by the statute last above referred to, within the rule against perpetuities, an estate in fee can not be limited upon an estate in fee by an ordinary deed of conveyance, whether the limitation over be in the nature of a conditional limitation or a contingent remainder or use. The creation of estates of that character, requires a resort to other methods, concerning which nothing further need be said here.

The rule that a remainder in fee can not be limited to take effect after an estate in fee, is especially applicable in case the grantee of the precedent estate has, as is the fact in the present case, a general power of disposition, thereby leaving the limitation over to operate only upon what is left at the death of the first taker. In such a case, the limitation over can not take effect either as a remainder or as an executory interest. Tiedeman Real Prop., section 398, and note.

The limitation over is void for another reason. The contingency upon which the conditional limitation was to take effect was liable to happen at any moment after the execution of the deed. The grantor having granted the whole estate in fee to the first taker, without reserving any estate to himself or to any other person, it was necessary that there should have been some certain person in being in whom the contingent or conditional estate limited over could vest immediately upon the happening of the contingency which terminated the precedent estate. Sharswood's Blackstone Comm., book 2, pp. 166, 169, and note.

The limitation over was to the "lawful heirs" of Joseph Bowen, the grantor, who was then in life. As no one can be heir to the living, it follows that there was no person in being competent to take the estate limited over. *Moore* v. *Littel,* 41 N. Y. 66 ; *Winslow* v. *Winslow,* 52 Ind. 8; *Lyles* v. *Lescher,* 108 Ind. 382.

Whether a limitation is valid or not is to be determined by the deed alone, and not by what might have happened, nor by what actually did happen. When the existing state of things at the time of its execution is disclosed, the deed must be left to speak for itself. *Bailey* v. *Sanger,* 108 Ind. 264.

It can not be inferred that the expression, "lawful heirs," as employed in the deed, was intended as the equivalent of children. The situation of the parties and circumstances tend to rebut such an inference.

The limitation over being void, the estate of the first taker continues unimpaired. *Leonard* v. *Burr,* 18 N. Y. 96. The rule applicable to such cases is, that a conveyance in fee, which, by a subsequent condition, is subject to an executory interest or limitation, which is void by reason of remoteness or on account of its being impossible or repugnant, creates an estate in the first taker which becomes vested as a fee simple absolute. *Brattle Square Church* v. *Grant, supra;* *Locke* v. *Barbour,* 62 Ind. 577; Gray Rule Against Perpetuities, section 250.

Another and an independent reason why the limitation over is void and of no effect is, that the deed confers upon the taker of the precedent estate a general and unlimited power of disposition. This feature of the case need not be enlarged upon. As has been remarked, the deed created primarily an estate in fee in the grantee, subject to a condition, however, that upon the happening of a certain contingency the land, "or its proceeds that may be realized *by sale or otherwise, are to fall back,*" etc. By necessary implication this conferred the power upon, and recognized the right of,

the grantee, on arriving at the age of twenty-one years, to dispose of the land. After conferring an unrestricted power of sale the attempt to hold on to or control the proceeds realized was futile. Whatever the intention of the grantor may have been, the power of disposition was fatal to the limitation over, the rule in such cases being that an absolute power of sale in the first taker renders a subsequent limitation over repugnant and void. *Gifford* v. *Choate*, 100 Mass. 343; *Hale* v. *Marsh*, 100 Mass. 468; *Ramsdell* v. *Ramsdell*, 21 Maine, 288; *Jones* v. *Bacon*, 68 Maine, 34; *VanGorder* v. *Smith*, 99 Ind. 404.

This subject was exhaustively considered and the authorities collected in *Van Horne* v. *Campbell*, 100 N. Y. 287.

The power in the deed under consideration being general, coupled with an ill-defined and ambiguous interest in fee, the effect of the power is to raise the estate of the first taker, and define it as a fee simple absolute. Where the estate of the first taker is certain and particularly defined, or where the power is limited and special, the power will not enlarge the estate as against a valid limitation over. Some rules must, however, be framed by which to arrive at the uncertain and ambiguously expressed intention of parties, and as absolute power of disposition and absolute ownership must, in the nature of things, be inseparably connected, the law declares that he to whom the one is given acquires the other by irresistible implication, unless the contrary clearly appears by the terms of the deed. *VanGorder* v. *Smith, supra,* and cases cited.

*John* v. *Bradbury*, 97 Ind. 263, was decided upon the facts peculiar to that case, and contains nothing opposed to the conclusion arrived at here.

It follows from the conclusions thus reached that the demurrer to the complaint should have been sustained.

The judgment is, therefore, reversed, with costs.

Filed June 12, 1888.