Filed April 20, 1892.

---

|131 207
131 384

## No. 15,766.

### ESSICK ET AL. *v.* CAPLE.

WILL.—*Conditional Fee.—Meaning of Word "Heir."—Death of Child Divesting Estate.*—A testator bequeathed to his daughter a tract of land on the condition that if she should die, leaving no heirs to her, then the land was "to revert back to" the testator's "estate, and be divided equally among his" heirs, and the same was not to be sold or conveyed until after there "should be an heir born to the body of said daughter."

*Held,* that the word "heir" meant "child," that the will vested in the daughter a conditional fee in the land subject to become absolute upon the birth of a child to her; and that the death of such child before her death did not divest her of her estate in the land.

*Held,* also, that where a child was born to the devisee the condition ceased to exist, and that an absolute power of disposition and a limitation over are inconsistent with each other.

From the Miami Circuit Court.

*J. Mitchell, M. L. Essick,* and *O. F. Montgomery,* for appellants.

*D. P. Baldwin* and *M. R. Smith,* for appellee.

COFFEY, J.—This was an action by the appellants against the appellee to quiet title to the land described in the complaint.

It is alleged in the complaint that Samuel Essick died testate in the year 1878, seized in fee of the land in controversy, leaving as his only heirs at law and legatees the appellants and Amanda G. Caple, who was the wife of the appellee, Al-

fred Z. Caple, that the testator devised the land to his daughter Amanda by the sixth clause of his will, which is as follows:

" I will and bequeath to my daughter, Amanda G. Caple, in addition to what I have given her, the north half of the northeast quarter of section twenty-four (24), in township twenty-nine (29), range four (4) east, in Miami county and State of Indiana, containing eighty acres, more or less; and in the event that my daughter, Amanda G. Caple, should die having no heirs born to her, then the above described land is to revert back to my estate, and be divided equally among my heirs, and the same is not to be sold or conveyed until after there shall be an heir born to the body of said daughter Amanda." That after the death of the said Samuel Essick Amanda had born to her three children, who all departed this life prior to her death; that the said Amanda G. Caple died in the year 1889, leaving no children surviving her, having devised the land to her husband, the appellee.

The court sustained a demurrer to the complaint setting up these facts, and the question presented for our decision relates to the correctness of this ruling.

It is contended by the appellants that the will of Samuel Essick vested in his daughter Amanda a conditional fee in the land in dispute, subject to termination in the event she should die without living heirs born to her during her life, while on the other hand it is contended by the appellee that such will vested in the daughter a conditional fee in the land subject to become absolute upon the event she should have children born to her at any time before her death.

We think there is no doubt that the will of Samuel Essick vested in his daughter a conditional fee in the land, and the controversy between the parties is narrowed to an inquiry as to the nature of the condition. *Outland* v. *Bower*, 115 Ind. 150; *Huxford* v. *Milligan*, 50 Ind. 542; *Bruce* v. *Bissell*, 119 Ind. 525; *Amos* v. *Amos*, 117 Ind. 19; *Shimer* v. *Mann*, 99 Ind. 190; 2 Jarman Wills (ed. 1859), p. 83.

In our opinion the will vested in Amanda a conditional fee, subject to become absolute upon the birth of a child to her during her life. It is well settled that the word " heir " will be construed to mean child when it is plain that the testator employed it in that sense. *Shimer* v. *Mann, supra; Conger* v. *Lowe*, 124 Ind. 368; *Stevens* v. *Flannagan, ante*, p. 122.

That the testator used the word " heir " in the sense of child is manifest from the phrase, " and the same is not to be sold or conveyed until after there shall be born an heir to the body of said daughter Amanda."

The right to sell and convey the property was suspended until the birth of a child, but after that event the absolute right to sell and convey the land existed. When that event occurred the condition ceased to exist, for an absolute power of disposition and a limitation over are inconsistent with each other. The rule is, in such cases, that when the first taker has an absolute power of sale, subsequent limitations over are repugnant and void. *Outland* v. *Bowen, supra; Gifford* v. *Choate*, 100 Mass. 343; *Hale* v. *Marsh*, 100 Mass. 468; *Van Gorder* v. *Smith*, 99 Ind. 404.

The limitation contained in this will has no reference to the time at which the devisee shall die, but has reference to an entirely different event, namely, the time at which a child shall be born to her. We could not sustain the contention of the appellants without adding words not found in the will, or changing those used, and this is never to be done unless there is an imperious necessity for it. *Shimer* v. *Mann, supra.*

In our opinion the complaint in this case fails to show title to the land in dispute in the appellants, and for this reason the court did not err in sustaining a demurrer thereto.

Judgment affirmed.

Filed April 9, 1892.