## CAIN *v.* ROBERTSON.

[No. 3,702.    Filed June 25, 1901.]

WILLS.—*Life Estate.*—Where a testator devised to his wife in lieu of her interest in his lands the home farm, describing it, "all of said lands during her natural life," and in the following item of his will devised the same to his son and daughter at the death of his wife, a life estate in favor of the wife was thereby created.   *pp. 199-204.*

SAME.—*Remainder.—Survivorship.—Failure of Issue.*—Where a testator after reserving a life estate in certain lands in favor of his wife devised the remainder to his son and daughter and their heirs forever, and if either of them should not survive testator or his

Cain  v.  Robertson.

wife, and should die without issue, the survivor to take the land devised, the daughter took the whole estate upon the death of the son, without issue, before the death of his mother, the failure of issue being a definite one, the death of the mother fixing the limit within which it must have occurred.  *pp. 199-204.*

WILLS.—*Personal Property.*—*Power of Disposition.*—A testator after devising certain real estate to his wife during life with remainder over to his son and daughter gave to her his personal property "not otherwise disposed of", and in a subsequent item of his will gave to the son and daughter, at the death of his wife, all the personal property that " may be left unconsumed by my said wife." *Held,* the personal property was given to the wife with unlimited power of disposition.  *pp. 199-204.*

From Jefferson Circuit Court; *P. E. Bear,* Judge.

Action by George V. Cain, as guardian, against James D. Robertson and others, for the construction of a will. From a judgment in favor of defendants, plaintiff appeals. *Reversed.*

*W. T. Friedley, G. F. Lawrence, J. A. Lawrence* and *G. V. Cain,* for appellant.

*A. D. Vanosdol* and *H. Francisco,* for appellees.

Roby, J.—Archibald Cain of Jefferson county made his last will July 11, 1879, and departed this life in 1881 the owner in fee of the real estate described in the will. He left surviving him his widow, Mary A. Cain, two children, viz., John M. and Nancy E. F. Cain, three grandchildren, viz., George V. Cain, Norman Cain, and Emily. Ashlock, children of Marcellus Cain, deceased; four other grandchildren viz., Mary E. White, Samuel Cutshall, Belle Cutshall, Archibald Cutshall, children of Mary Cain Cutshall, deceased, and one other grandchild, Florence Cain, a daughter of James Cain, deceased. These survivors were his only heirs at law. His will, which was duly probated, is in words and figures following: "In the name of the Benevolent Father of all, I Archibald Cain, of Jefferson county and State of Indiana, do make and publish this my last will and testament. Item 1. It is my will that my just debts and

charges be paid out of my estate. Item 2. I give and devise to my son, John M. Cain, and my daughter, Nancy Ellen F. Cain, one undivided half of lot number seven [and other real estate described] all to be theirs jointly and equal. Item 3. I give and devise to my beloved wife, Mary Ann Cain, in lieu of her interest in my lands, the farm on which we now reside situated in the county of Jefferson and State of Indiana, described as follows: The south half of the south-west quarter of section thirty, town four north, of range eight east, and also forty acres in section 31 in town and range aforesaid [described], all of said lands during her natural life, and also all of the balance not otherwise disposed of as aforesaid of stock, household goods, furniture, provisions and all other goods and chattels of every description whatever that I may own at the time of my decease, or in which I may have any interest in, she however selling so much thereof as may be necessary to pay my just debts. Item 4. At the death of my wife the real estate aforesaid, as described in item three, I give and devise to my son John M. Cain and my daughter Nancy E. F. Cain and their heirs forever, and also all the said personal property that may be left, unconsumed by my said wife, they, however, selling so much thereof as may be sufficient to pay her just debts and funeral expenses; if either my son or daughter aforesaid should not survive me or my said wife and should die without issue, then I devise and bequeath the property aforesaid to the survivors of them. Item 5. I do hereby nominate and appoint my beloved wife executor of this my last will and testament, hereby authorizing and empowering her to compromise, adjust, release and discharge in such manner as she may deem proper the debts and claims due me. I do hereby revoke all former wills by me made. Archibald Cain."

John M. Cain died next after his father, intestate, unmarried, and without issue, leaving his sister, Nancy E. F. Cain, his mother, Mary A. Cain, and the aforesaid grandchildren

of his father surviving, his only heirs at law. Nancy E. F. Cain died next, intestate, leaving a husband, Joseph Eppley, and two children Ehrman and Muriel Eppley. The appellant brings this action as the guardian of said children to obtain a construction of said will. The aforesaid grandchildren of her father also survived Mrs. Eppley.

Mary Ann Cain qualified as executrix of said will and made final settlement and was discharged in August, 1892. The personal estate of the testator consisted of live stock, farm implements and household goods, inventoried at $867, the debts amounted to $62.75, leaving a balance of $804.25 ; the final report showing these amounts contained the following: "That the will of her husband, Archibald Cain, gives to said executrix all the personal property, after paying the debts, and that the above $62.75 is all the debts of said decedent, and that as said executrix she does hereby turn over to herself all the personal property, except said $62.75, as shown in this report of debts." This report was approved and the following entry made: "It is therefore ordered by the court that said executrix be fully and finally discharged from her said trust."

Mary Ann Cain elected to take under her husband's will. She took possession of the personal property, used it all and consumed a part of it, the remainder (quantity not shown) being in the hands of James D. Robertson her administrator with the will annexed, who is a party to this proceeding in such capacity. She died testate in 1898, and by her will, which was duly probated, devised and bequeathed all her property to the grandson and appellee Archibald Cutshall. The construction placed by the Jefferson Circuit Court upon item two of said will is correct, and is acquiesced in by the parties.

The questions argued arise under items three and four, and are as follows: (1) What estate in the land was devised to Mary Ann Cain ? (2) What interest in said real estate was devised to John M. and Nancy E. F. Cain ?

(3) What was the effect of the limitation over to the survivor as contained in item four, in the light of facts heretofore set out? (4) What interest in the personal property did the widow take? (5) What was the effect of the judgment, approving the final report of the executrix, as regards said personal property? (6) What interest, if any, did John M. and Nancy E. F. take in the personal property?

Technical rules must give way to the intention of the testator if that can be determined from the provisions of the will. *Cooper* v. *Hayes,* 96 Ind. 386, 395; *Ridgeway* v. *Lanphear,* 99 Ind. 251. The intention of the testator was that his wife should have an estate for her own life in the land described in item three. The introductory words: "I give and devise to my beloved wife" are to be read in connection with the later phrase "All of said lands during her natural life." A life estate is thus created by clear and express terms. The remainder in said lands was devised to John M. and Nancy E. F. by the first clause of item four. "At the death of my wife the real estate aforesaid, as described in item three, I give and devise to my son John M. Cain and my daughter Nancy E. F. Cain and their heirs forever." Had they both been living at the time of their mother's death they would have taken in fee simple as tenants in common. "If either my son or daughter aforesaid should not survive me or my said wife and should die without issue, then I devise and bequeath the property aforesaid to the survivors of them."

It is earnestly and learnedly contended by counsel for appellee that the words "should die without issue" mean an indefinite failure of issue, and that the remainder in fee was thereby cut down to what would have been an estate tail at common law. That the limitation over as an executory devise, being predicated upon an indefinite failure of issue is void. "A definite failure of issue is when a precise time is fixed by the will for the failure of issue, as in the case where there is a devise to one, but if he dies without issue, or

lawful issue living at the time of his death," etc. An indefinite failure of issue is the period when the issue or the descendants of the first taker shall become extinct, and when there is no longer any issue of the grantee, without reference to any particular time or particular event. *Huxford* v. *Milligan,* 50 Ind. 542.

"The doctrine of the books seems to be, that whenever it appears in the instrument creating the estate that it was intended that the issue of the first taker should take by inheritance in a direct line, and in a regular order and course of descent, so long as his posterity should endure, and an estate in fee or in tail is given in remainder, upon an indefinite failure of issue, then the estate first created will be construed to be an estate tail. But it is well settled on the other hand, that if it appears from the deed that the limitation over was not postponed until an indefinite failure of issue, but on failure of children only, or on failure of issue within a given time, the estate will not belong to the class known as estates tail." *Outland* v. *Bowen,* 115 Ind. 150.

The failure of issue referred to in the will must have occurred during the life of either the testator or his wife. The failure of issue was therefore a definite failure and the estate created was not an estate tail; the death of the mother fixed the limit of the time within which it must have occurred. It follows that neither Mary A., the widow, nor the grandchildren inherited any part of the remainder of said real estate upon the death of John M., and that the will of said Mary A. passed no title thereto. There is no rule of law preventing the testator's intention, that his daughter should take said real estate, in the contingency which has arisen, from being given effect.

Item three gives to the wife the personal property referred to with unlimited power of consumption. "Not otherwise disposed of" is an expression which recognizes her right to sell. The word "consume" is broad and implies absolute

power. No restriction is made to any specific use, such as maintenance or support. The life estate given to her is in terms limited to the real estate. Where the first taker has an absolute power of sale, subsequent limitations over are void. *Essick* v. *Caple,* 131 Ind. 207; *Van Gorder* v. *Smith,* 99 Ind. 404; *Outland* v. *Bowen, supra.*

*Rusk* v. *Zuck,* 147 Ind. 388, was expressly decided upon the ground that a life estate in the personal property was given by certain and express terms.

The judgment of the court to the effect that the limitation over contained in item four is void, is contrary to law.

Judgment reversed, and cause remanded, with instructions to sustain motion for a new trial.